[Filed April 24, 1889.]

## S. MITCHELL, APPELLANT, *v.* IRA F. POWERS, ASSIGNEE, RESPONDENT.

AN ORDER OR DECISION MADE BY A CIRCUIT COURT in proceedings to secure creditors a just division of the estates of debtors who convey to assignees for the benefit of creditors, denying to a creditor the right to a *pro rata* dividend in the assets of the estate of the assignor, is such a final decision, within the meaning of section 6 of article 7 of the constitution of the state, as entitles the supreme court of the state to revise it on appeal. In order to revise such final decision, however, where it involves the decision of an issue of fact, a statement, in the form of a bill of exceptions, containing the evidence given or facts proved in the trial of such issue, must be prepared and signed by the judge of the circuit court, and made a part of the record of the case. The appeal in such case must be taken by serving and filing the notice of appeal within six months from the entry of such decision, and by perfecting it, as in other cases of appeal to the supreme court.

THE PRESENTMENT OF A CLAIM TO AN ASSIGNEE in proceedings of the character above referred to requires more than the mere demand of a sum of money; a statement under oath of the debt or liability which is alleged to exist against the insolvent debtor should be made out and delivered or transmitted to the assignee, and should specify sufficient facts to apprise the parties interested in the estate of the nature and consideration of the debt.

A STATEMENT OF THE MERE EVIDENCE of the debt, such as a promissory note, is not sufficient, as "a note at best is but presumptive evidence of a debt."

APPEAL from Multnomah County.

*X. N. Steeves,* for Appellant.

*R. & E. B. Williams* and *Strode & Beach,* for Respondent.

THAYER, C. J.—This appeal is from a decision of the circuit court for the county of Multnomah. It was brought here some time ago, and after being argued and submitted, an opinion was filed therein, but the case was not fully determined, in consequence of the transcript being defective. Said opinion is published in 16 Oregon, commencing at page 487, and contains a statement of the facts in question. Since the opinion was rendered, and in pursuance of a suggestion contained therein, the appellant's counsel has had a copy of the order or decision of the circuit court, which is set out in the notice of appeal as made on the twenty-eighth day of June, 1888, certified here, and the case is now in a condition for final disposition. The decision referred to is to the effect that the petition of the appellant, S. Mitchell, be denied, and his claim and that of S. H. Abrahams be adjudged not to have been properly exhibited or presented to the assignee, and they be disallowed for that reason. This was clearly a final decision, within the meaning of the constitution, which confers jurisdiction upon this court to revise the final decisions of the circuit courts in all cases. I do not think, however, that the other orders or decisions of the circuit court specified in the notice of appeal can be regarded as final decisions, as they all relate to intermediate matters in the proceeding. And if they were final orders, it would avail the appellant nothing on this appeal, as more than six months expired after they were made and entered before the appeal was taken.

The notice of appeal was served and filed on the nineteenth day of September, 1888, and the orders were all entered on and prior to the twenty-first day of March, 1887,—nearly a year and a half before the appeal was attempted to be taken. Nor can said orders be deemed "judgments or decrees" for the purpose of being reviewed, as provided in section 535 of the code, for the reasons,

—1. That said section only applies to judgments and decrees *eo nomine;* and 2. An order, to be deemed a judgment or decree within the meaning of that section, must be an order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein. The only question, therefore, which this court can properly consider is, whether or not the order and decision of the circuit court made on the twenty-eighth day of June, 1888, was erroneous.

It appears that the appellant, Mitchell, on the twenty-fifth day of May, 1888, filed his petition in said court, in which he set out a statement of facts alleged to have occurred in the said insolvency proceedings; that he alleged therein, among other allegations, that after the expiration of the said three months,—referring to the three months from the time of first publishing notice, at the expiration of which the assignee is required to report and file with the clerk of the court a true and full list, under oath of all such creditors of the assignor as shall have claims, etc., as provided in section 3178, Code of Miscellaneous Laws, —and on the tenth day of January, 1888, the said Ira F. Powers, as assignee, filed in said court what purported to be his first report, and thereby reported to the court all claims presented as such against said estate, save and except the said claims of the petitioner, W. Friedlander and S. H. Abrahams, but thereafter, and on the twenty-eighth day of January, 1888, pursuant to an order of the court, he filed and reported those claims; that thereafter, after the full period of three months more had expired, and on the eighteenth day of May, 1888, the said Powers, as such assignee, filed his final report, so called, in said court, but that said report is incomplete and false in this, viz., that it does not report either or any of said claims of the petitioner, Abrahams or Friedlander, but falsely reports a number of other claims, aggregating about

$2,382, as the only claims ever presented to said assignee or entitled to share in the dividends of said estate; that said Powers has submitted his said report to the court, and asks an order of distribution of said estate of the assets thereof to said other creditors, which, if made as asked, will entirely consume such assets to the irreparable injury of petitioner and said other alleged creditors; that no order of distribution had been made, and that none of said claims had ever been adjudicated by the court nor disallowed, but were entitled to a share in such dividends; that petitioner had no plain, speedy, or adequate remedy at law.

A prayer was appended to the petition asking an order and judgment of the court as follows: 1. Allowing said claims; 2. That said Powers pay on each of said claims an equal *pro rata* dividend, with all other claims against said estate; 3. That said final account of said Powers be not allowed, nor any settlement of the estate be made until after hearing the petition; 4. For such other and further relief as might be just and equitable; 5. For costs and disbursements.

Upon this petition, the said circuit court granted an order, the substance of which is as follows: "Now, at this time, upon the reading of the petition of S. Mitchell herein this day filed, it is ordered by the court that Ira F. Powers appear and answer the petition aforesaid, within five days from the service of this order upon him, and show cause, if any exist, why the prayer of said petition shall not be granted as asked."

Thereafter, and on the first day of May, 1888, the said assignee, Ira F. Powers, in pursuance of said order, filed an answer to the said petition, in which he positively denied that said petitioner at any time presented any claim to him against said estate; denied that said petitioner Friedlander or Abrahams had any claim for any sum

against said insolvent or against his estate; denied that the claims of either of said parties were entitled to a share in the distribution of the assets of said estate; denied that on the twenty-eighth day of January, 1888, or at any other time, the assignee filed or reported to said court the said or any claims of said parties, or either of them, and denied substantially all the other allegations contained in the said petition.

How the issue of fact thus formed between the petitioner and the assignee was disposed of is not known; all we have before us is the order and decision made by the said circuit court on the twenty-eighth day of June, 1888, from which the appeal is taken.

There is, among the papers sent here, another answer of the assignee, which appears to have been filed on the twenty-eighth day of January, 1888, and from which it might be inferred that the claims in question were presented to him; but whether it was introduced in evidence before the court on the trial of said issue of fact, or was introduced or explained away by other evidence, or whether any evidence whatever was introduced in regard to the matter, does not appear.

The adjudication of the court that the claims had not been properly exhibited or presented to the assignee involved both questions of fact and law, and if it committed error in that particular, it should be corrected. But how we are to ascertain whether or not the court did commit error in the adjudication referred to, without some statement, as provided by rule 14 of this court, commented upon in the former opinion, is beyond my power of comprehension. We cannot, as we are frequently reminded from the bar, presume error; but it must affirmatively appear.

The appellant's counsel, instead of making up a statement of the facts occurring in the case, and having it

authenticated by the circuit judge, as provided by said rule 14, has brought here a mass of papers for us to study out and draw conclusions from. Such a course of practice leaves questions of importance in uncertainty and doubt. Oral proofs, if any such have been made, are necessarily excluded, and written evidence which does not constitute a part of the record is unavailing in this court. Both, however, may be authenticated in the manner pointed out by said rule, and thereby be rendered competent. The appellant's counsel should, after the assignee filed his answer denying the presentment of the claims, have submitted his proof of the fact. It was alleged in the petition and denied in the answer, and the counsel then had a right to introduce evidence to prove it. If the counsel did that, and the court decided against him upon the proof so made, he should have prepared a statement of the evidence given or facts proved, in the form of a bill of exceptions, and this court would then be in a condition to determine whether or not the proofs established as a matter of law the fact that the claims had been presented. But as the matter stands, it presents a mere assertion, affirmed by one party and denied by the other, and this court has no means of determining which is in the right. The presentment of a claim in such a case requires more than a mere demand of a sum of money. A statement under oath of the debt or liability which is alleged to exist against the insolvent debtor should be made out and delivered or transmitted to the assignee. The creditor may not be required to state all the facts out of which the debt arose as fully as in a case of a confession of judgment; but he should set out sufficient facts to apprise the parties interested in the estate of the nature and consideration of the debt. If the debt is for money loaned or advanced, or goods sold, it should be stated, and the statement should not be lim-

ited to a specification of the evidence of it. Persons interested in an insolvent's estate have a right to know something more than the fact that the insolvent executed to the claimant his promissory note of a certain date; they should be informed with reasonable certainty what the consideration of the claim was.

"A note," as said by Gardner, C. J., in *Chappel* v. *Chappel*, 12 N. Y. 218, 219, 64 Am. Dec. 496, "at best, even between the parties to the instrument, is but presumptive evidence of a debt. The maker did not become indebted by the mere execution of a written promise to pay money. His obligation arose out of facts *dehors* the instrument, and antecedent to or accompanying its execution. In this case," said the learned judge, "we are informed, by the affidavit read in opposition to the motion, that there was a loan of money. The loan, if the fact is so, created the obligation; and the note was given as presumptive evidence of the debt, and as a means of enforcing its payment. The statute, however, looks not to the evidence of the demand, but to the facts in which it originated; in other words, to the consideration which sustains the promise."

To the same effect is *Dunham* v. *Waterman*, 17 N. Y. 9; 72 Am. Rep. 406.

These were cases, it is true, in which the sufficiency of a statement of confession of judgment came in question under a statute which required the confession to state plainly and concisely the facts out of which the indebtedness arose, and to show that the sum confessed therefor was justly due or to become due. But, at the same time, the rule of construction in that class of cases has a bearing on the construction to be given in the case under consideration.

The object of the requirement to state the facts out of which the indebtedness arose, in cases of confession of

judgment, was to prevent fraud upon creditors; and it is just as essential that some reasonable course be pursued in the presentment of claims against the estate of an insolvent, which has in view a like purpose.

The act relating to assignments for the benefit of creditors does not provide in express terms that the creditor shall state the facts out of which the claim arises which he presents to the assignee; he is only required, as before mentioned, to present it under oath; but I think it may be inferred from the fact that he is required to specify the facts out of which the claim arose, as the assignee is required by section 3178 of the Code of Miscellaneous Laws to file with the clerk of the court a true and full list of all such creditors of the assignor "as shall have claims to be such," with a statement of their claims, etc. The assignee certainly should not be required to file a *statement* of the claims of the creditors without their being required to furnish him a statement of them.

Again, by section 3179 of the code, any person interested is allowed to appear and file any exceptions to the claim or demand of any creditor which constitutes an issue of fact triable by jury, and upon which a judgment may be rendered. The presentment of a claim by a creditor against the estate of an insolvent debtor is, it seems to me, so important a matter that it should be presumed that the legislature intended to require the claimant to set out in a statement the consideration of the claim. Such a requirement will have a tendency to prevent debtors in failing circumstances from executing to their confidential friends promissory notes on account of some pretended indebtedness, — a practice which should not receive any sanction from courts of justice. If the claimant is compelled to state what the claim is for, instead of the evidence of it, there will be greater hesitancy in resorting to such schemes, and a better opportunity afforded

to other creditors to expose the dishonesty and nefarious-ness of such machinations.

Under the views herein expressed, this court has no authority to revise any of the decisions of the circuit court mentioned and referred to in the notice of appeal.

The appeal must therefore be dismissed, and the de-cision appealed from affirmed.