Submitted on motion to dismiss appeals September 22; appeals
dismissed October 13; rehearing denied November 10, 1931

## STATE v. BERG
## STATE v. McAWEENEY

(3 P. (2d) 783, 4 P. (2d) 628)

*Hoesly, Wilhelm & Van Pelt* and *Wm. H. Hallam,*
all of Portland, for appellants.

*Alta King,* District Attorney, and *Eugene V. Slattery,* Deputy District Attorney, both of Eugene, for the
State.

■ BEAN, C. J. The defendants John Berg and F. J. McAweeney were jointly indicted for the crime of attempted larceny. They were tried separately and each was convicted and sentenced. The facts are the same in each case. Both attempted to appeal to this court. The district attorney moved to dismiss the appeals for the reason that the notices of appeal were not served upon the clerk of the circuit court, where the judgment rolls are, as required by section 13-1209, Oregon Code 1930.

Notices of appeal were served upon the district attorney. No notice of appeal in either case was served upon the clerk of the circuit court in which the cases were tried. Section 13-1209 provides that an appeal in a criminal action must be taken by the service of notice in writing on the clerk of the court where the judgment roll is filed. Section 13-1210 provides that if the appeal be taken by the defendant a similar notice must be served on the district attorney.

■ In *State v. Horner,* 36 Or. 68 (59 P. 549), *State v. Blazier,* 36 Or. 97 (60 P. 203), and *State v. Berger,* 51 Or. 166 (94 P. 181), each being a criminal case, and appeals being matters of purely statutory regulation, the appeals were dismissed for want of a substantial compliance with the statute. In *State v. Mageske,* 119 Or. 312 (227 P. 1065, 249 P. 364), the appeal was dismissed for the same reason. Upon stipulation of the parties, however, the appeal was reinstated.

Our attention has been called to the fact that in another state the rule is different.

Following the opinions in this state, the appeals are dismissed.

On Petition for Rehearing

(4 P. (2d) 628)

BEAN, C. J. Appellants move for reinstatement of their appeals and contend that notices of appeal were served upon the county clerk. The record does not show any service of notices of appeal upon the clerk of the circuit court of the state of Oregon for Lane county.

■ Section 7-503, subd. 1, Oregon Code 1930, providing for the taking and perfecting of appeals, directs that if an appeal is not taken at the time the decision, order, judgment or decree is rendered, then the party desiring to appeal may cause a notice, signed by himself or attorney, to be served on such adverse party or parties as have appeared in the action or suit, or upon his or their attorney, at any place where he or they may be found, "and file the original with proof of service indorsed thereon, with the clerk of the court in which the judgment, decree or order is entered." There is no proof of service upon the clerk of the court indorsed on the notices of appeal. This court looks only to the record, and, under the facts disclosed by the record, no proof could be made of any service upon the clerk.

Section 7-402 provides that proof of service of notice shall be the same as proof of service of summons and shall be returned with the original notice. Section 1-505 provides that the summons shall be served by delivering a copy thereof. No copies were furnished the clerk of the circuit court.

■ It is urged by counsel that, inasmuch as the notices of appeal were filed with the clerk of the circuit court, that was sufficient notice. The statue does not

contemplate that the county clerk will take notice of the contents of every document that is filed in his office. He was entitled to have copies of the notices of appeal, as provided by the statute. As pointed out in our former opinion, it is a jurisdictional requirement. It is unnecessary for us to consider the reason for the legislative enactment. In order to take an appeal the statute must be complied with.

However, section 13-1220 directs that, upon an appeal being taken in a criminal action, the clerk of the court, where the notice of appeal is filed, must within thirty days thereafter, or such further time as the court or judge may allow, transmit a certified copy of the notice of appeal, certificate of cause, if any, and judgment roll to the clerk of the supreme court. The county from which the appeal is taken, as an integral part of the state, is interested in the costs in criminal cases, and the legislature has provided that ''An appeal must be taken by the service of a notice in writing, on the clerk of the court where the judgment roll is filed, stating substantially that the appellant appeals from the judgment'': § 13-1209, Oregon Code 1930. This requirement is in addition to service on the district attorney, as provided by section 13-1210.

No service of the notices of appeal having been made on the clerk of the circuit court, this court has no jurisdiction of the appeals and the application for reinstatement of the appeals is denied.