On motion to dismiss appeal December 10; appeal dismissed
December 17, 1935

## STATE *v.* FEHL

(52 P. (2d) 1118)

*H. V. Schmalz,* of Burns, and *George A. Rhoten,* of
Salem, for appellant.

*Ralph E. Moody,* Assistant Attorney General, for
the State.

CAMPBELL, C. J. On March 18, 1933, appellant and several others were jointly indicted by the grand jury of Jackson county of the crime of larceny not in a dwelling. On appellant's motion, he was granted a separate trial and a change of venue to Klamath county, where he was tried and convicted. Judgment was entered against him on August 7, 1933. From this judgment, no appeal was taken.

On August 24, 1933, the state filed a cost bill, and on the same day defendant filed objections thereto. On February 11, 1935, the court made an order settling and determining the said cost bill, as follows:

"This cause having heretofore come on for hearing on the objections of the defendant, Earl H. Fehl, to the cost bill filed herein, and the court having considered said objections and being fully advised,

It Is Considered, and Ordered that the following items be, and they are, hereby eliminated from the plaintiff's cost bill:

[Then follows a list of the eliminated items.]

That the above items and each and every one thereof be and the same are, hereby eliminated from the cost bill filed by the State of Oregon, and the said State may have judgment against the defendant, Earl H. Fehl, for the costs and disbursements appearing in said cost bill after eliminating said items."

From this order, this attempted appeal is taken.

The attorney general moved for the dismissal of this appeal on the grounds: (1) Defendant has not appealed from the judgment of conviction, but only from the order settling the cost bill; (2) that there was no service of the notice of appeal on the attorney general or his assistant, who had charge of the prosecution; (3) that the law does not recognize service by mail of the notice of appeal in criminal cases.

The instant case grew out of some political trouble that existed in Jackson county some time prior to and

during the year 1933. It appears that the governor of this state directed the attorney general to the circuit court for Jackson county and to conduct an investigation into the violation of the law in that county, and to prosecute any criminal case either in the circuit court of that county or in the cricuit court of any other county to which such case should be transferred. Thereupon the attorney general appointed the Honorable Ralph E. Moody as assistant attorney general to represent the attorney general's office, and to make such investigation and prosecute such criminal cases, including the instant case.

▉▉ The appellant contends that neither the attorney general nor the assistant attorney general has any authority to appear in this court and file said motion in this case; that their authority had been exhausted upon the completion of the prosecution in the circuit court, as the governor's direction went no further.

This contention is untenable. The attorney general has the authority to appear in the supreme court in any matter in which the state is interested without any direction of the governor.

"* * * He shall appear, commence, prosecute or defend for the state, all causes or proceedings in the supreme court, in which the state is a party or interested, when in his discretion the same may be necessary or advisable, * * *". Oregon Code 1930, § 67-505.

The motion was properly made by one having authority to make it.

The first ground for dismissal in the attorney general's motion is that the attempted appeal is from a nonappealable order.

▉ It is unnecessary to cite authority that the right of appeal did not exist at common law, but is purely

statutory and does not extend beyond the provisions of the statute.

"An appeal to the supreme court may be taken by the defendant from a judgment on a conviction in a circuit court, or from an order refusing to dismiss the indictments as provided for in section 13-1602; and upon an appeal, any actual decision of the court, in an intermediate order of proceeding forming a part of the judgment roll, as prescribed in section 13-1119, may be reviewed." Oregon Code 1930, § 13-1205.

■ The criminal code of this state is complete in itself: *State v. Berger,* 51 Or. 166 (94 P. 181); *State v. McGrath,* 35 Or. 109 (57 P. 321); *State v. Mageske,* 119 Or. 312 (227 P. 1065, 249 P. 364).

"It is argued, however, that there is a judgment in this case for costs which can be enforced against the defendant's estate, and for that reason his personal representatives have a right to prosecute this appeal. But costs are only incidental to the real question in issue, and are recovered or not, according to the determination of such question. In criminal proceedings they result solely as a legal consequence from the judgment of conviction, and, unless the judgment itself can be reviewed on appeal after the death of the defendant, it is manifest that a mere incident thereto cannot be so reviewed." *State v. Martin,* 30 Or. 108 (47 P. 196).

■ In the instant case, there is no attempt to review the judgment of conviction and this court has no jurisdiction to review the order settling the cost bill. There is no provision in the criminal code allowing an appeal from an order settling a cost bill. In an appeal from a judgment of conviction, the court may review "* * * any order involving the merits and necessarily affecting the judgment.": Oregon Code 1930, § 13-1119.

In this view of the case, the other questions merely become moot.

The appeal will be dismissed. It is so ordered.