Submitted on motions March 17, motions of appellants denied,
motion of respondent allowed, respondent discharged from
custody, April 22, petition for rehearing denied
June 3, 1953

## In re Application of BROOM for a Writ of Habeas Corpus
## BROOM v. ALEXANDER et al.

**255 P. 2d 1081**

Robert Y. Thornton, Attorney General for Oregon, and Howard R. Lonergan, Assistant Attorney General, of Salem, for the appellants.

Hewitt, Estep & Sorensen, of Salem, for the respondent.

BRAND, J.

The plaintiff filed in the Circuit Court of Marion County a petition for a writ of habeas corpus, seeking his discharge from the penitentiary. The defendants were the superintendent and warden, respectively, of that institution. A return was filed on 1 December 1952. It certified that the plaintiff was in custody

"under and by virtue of a sentence issued out of the Circuit Court of the State of Oregon in and for the County of Polk in the case entitled 'The State of Oregon v. Martin Caswell Broom' on

January 11, 1943, to serve the term of his natural life in the Oregon state penitentiary for being an habitual criminal under the provisions of section 26-2803, O.C.L.A."

A copy of the judgment, bearing the number 9730 and dated 11 January 1943 was attached to the return. On 9 December 1952 the plaintiff filed a traverse, challenging the validity of the judgment. A demurrer filed by the defendants was overruled, and on 6 March 1953 the Circuit Court for Marion County entered a judgment directing that the defendants "forthwith discharge and release the plaintiff from custody." On the same day the defendant served notice of appeal to this court. Also upon the same day, and on motion of the District Attorney of Polk County, the Circuit Court of that county ordered the defendant Alexander to produce the plaintiff in said court on 12 March 1953. The order was made for the apparent purpose of correcting alleged errors in the proceedings which had culminated in the judgment sentencing the plaintiff to life imprisonment as an habitual criminal. It will be seen that on 6 March the defendant Alexander was ordered by the Marion County Circuit Court to discharge the plaintiff from custody, and by the Polk County Circuit Court to produce him in custody. Faced by this dilemma, the defendant Alexander on 12 March 1953 filed in this court a motion, supported by affidavits, asking leave to produce the plaintiff before the Circuit Court of Polk County, and for such "further and different relief as may be proper." His application was for "leave to obey the order of the Circuit Court for Polk County *and thereafter to hold said prisoner for termination of the aforesaid appeals unless otherwise ordered by this court.*" (Italics ours.) The appeals

to which the defendant referred were, first, the appeal taken by the defendants in the habeas corpus case, and second, an alleged appeal which the defendant Alexander believed to have been taken by the plaintiff from the sentence of life imprisonment, which was rendered against him on 11 January 1943. That purported appeal, however, never reached this court. It was not taken or served as required by the statute then in force, and was ineffective. OCLA, § 26-1309; *State v. Berger,* 51 Or 166, 94 P 181; *State v. Mageske et al.,* 119 Or 312, 227 P 1065, 249 P 364; *State v. Berg and McAweeney,* 138 Or 20, 3 P2d 783, 4 P2d 628. Even assuming that the appeal was properly taken, it is clear that it was abandoned.

In connection with the motion of the defendant Alexander, the Assistant Attorney General of the state filed an affidavit and application in this court in the habeas corpus case, asking that we permit the defendant to produce the prisoner, i.e., the plaintiff, before the Polk County Circuit Court. His application continued as follows:

"While I believe the operation of the judgment of discharge is stayed automatically by the notice of appeal herein, if such should not be true, I pray the court to stay discharge of this prisoner pending this court's determination of the appeal herein, or to place him under other suitable custody or under bond in amount sufficient to secure his presence in case of reversal of this judgment."

It now appears that on 7 March 1953 the Circuit Court for Polk County, being informed of the order of the Circuit Court for Marion County discharging the plaintiff from custody, vacated its order of the 6th, wherein the defendant Alexander was directed to produce the plaintiff. Said defendant is not, there-

fore, required at this time to produce the plaintiff in Polk County. However, the entire controversy is not moot. The defendant still applies to this court for leave to hold the plaintiff pending decision of appeal in the habeas corpus case, and we still have before us the application of the Attorney General, which we have quoted supra. Furthermore, on 12 March 1953 the plaintiff filed in this court a motion for an order striking the motion of the defendants,

"or in the alternative, dismissing the proceeding instituted heretofore this date by the above-named Defendants whereby said Defendants seek leave to produce the Plaintiff before the Circuit Court for Polk County and for such other, further and different relief as may be proper."

On 12 March the transcript and judgment roll were duly filed in this court and on that date the Attorney General, in a supplemental statement, calls attention to the fact that the motion of the District Attorney of Polk County is still pending in the Circuit Court and urges upon us that the

"respondent should be delivered to the Circuit Court for Polk County for criminal proceedings there pending, and upon their conclusion should be remanded to custody or enlarged on bail pending determination of these appeals."

The following facts are necessary for an understanding of the motions which are before us upon this appeal. From the record it appears that the plaintiff had been convicted of four felonies. The first on 1 December 1930; the second on 6 May 1931; the third on 3 October 1938. Thereafter he was indicted, tried and convicted of statutory rape in Polk County, resulting in a sentence of 10 years' imprisonment which was imposed on 29 October 1942. The rape case bore Circuit Court No. 9691. An "information of felony"

was filed on 23 November 1942 which accused the plaintiff of being an habitual criminal under the provisions of OCLA, §§ 26-2801 and 26-2804 inclusive. The information was given the number 9730. The plaintiff was tried by a jury upon his plea of not guilty, and a verdict was returned finding that the plaintiff had been convicted of the four felonies mentioned. On 11 January 1943 judgment was entered reciting the four convictions and sentencing the plaintiff to life imprisonment. The sentence bore Case No. 9730.

In support of the application of the Attorney General, the District Attorney of Polk County has filed in this court an affidavit and application which reads in part as follows:

"2. On March 2, 1953, I filed a motion in the Circuit Court for Polk County for correction of the record therein, supported by affidavit, true copy of which motion and affidavit is hereto annexed.

"3. Thereafter on March 6, 1953 order was made by said Circuit Court for Polk County directing production of said defendant Martin Caswell Broom to answer said motion, which said order was vacated on March 7, 1953 for the reasons stated therein as copy of said order appears in respondent's papers filed in this court on this proceeding, which said reasons are that said Martin Caswell Broom had no notice of the motion and that the Circuit Court for Polk County did not know of the habeas corpus proceeding in the Circuit Court for Marion County.

"4. Since the motion for correction of the record is still pending in the Circuit Court for Polk County and jurisdiction over the person of Martin Caswell Broom must be obtained for proceedings therein, while such jurisdiction over his person is at present in this court, I respectfully request that this court order his delivery before

the Circuit Court for Polk County for correction of the records there, which may render unnecessary further proceedings on the appeals presently pending in this court.''

The motion which was filed in the Circuit Court for Polk County by the District Attorney asks of that court the following relief in Polk Cases Numbers 9691 and 9730:

"(a) For an order consolidating file No. 9691 and file No. 9730 and numbering the consolidated file as file No. 9691.

"(b) For an order vacating judgment dated October 29, 1942, sentencing defendant to imprisonment for a term of ten (10) years in the state penitentiary.

"(c) For an order directing the production of the defendant for the above proceedings. .

"2. The grounds of said motion are:

"(a) Error of the clerk in filing parts of one criminal action in two files.

"(b) Failure of the court to vacate said judgment dated October 29, 1942, when entering judgment dated January 11, 1943, sentencing defendant to imprisonment for the term of his natural life in the state penitentiary as required by law.''

The motion is based upon the judgment roll in those cases and upon his own affidavit which reads as follows:

"1. I am the district attorney of Polk county and make this affidavit from examination of files Nos. 9691 and 9730 in this court and from my own knowledge.

"2. Said files show that part of the judgment roll herein is contained in file No. 9691 and part in file No. 9730, apparently due merely to clerical error.

"3. Said files do not show vacation of ten-year

term before imposition of life term as required by § 26-2804, O.C.L.A.

"4. Defendant is presently incarcerated in the Oregon State Penitentiary.

"5. WHEREFORE I pray the court to order the superintendent of the Oregon State Penitentiary to produce this defendant before this court for proceedings on this motion, to vacate the judgment dated October 29, 1942, and to consolidate the above files Nos. 9691 and 9730."

These motions present an unusual problem. The parties have called to our attention the fact that the plaintiff Broom is still in the custody of the defendants, notwithstanding the order of the Circuit Court of Marion County discharging him from custody. The authority of this court to order the defendants to produce the plaintiff before the Circuit Court of Polk County is dependent upon the legality of his present custody by the defendants. It may well be that if he is legally in custody, or, if the order for his discharge can be stayed, pending our decision of the appeal, then, it would be possible, upon a proper showing, to order the warden of the penitentiary to produce him in Polk County. But if the plaintiff is entitled to immediate discharge from custody under order of the Circuit Court of Marion County, and if the order of discharge cannot be stayed, then we would have no power to direct the defendants to convey the plaintiff to Polk County or anywhere else. The question whether the plaintiff could lawfully be kept in custody, pending the decision of the appeal from the order discharging him, was presented by the parties and briefed at our request. Further consideration has convinced us that it is unnecessary, and would be inappropriate, for us to decide that issue in this case. Our reasons will presently appear.

■ An examination of the entire record before us shows that the plaintiff was sentenced for statutory rape on 29 October 1942, and less than a month later was sentenced to life imprisonment upon a judgment order which recites that he had "been heretofore convicted of four felonious charges." The Habitual Criminal Act creates no offense.

"* * * It is a proceeding merely to determine the penalty to be imposed in the main charge. As said in State ex rel. Edelstin v. Huneke, supra, 'It is no crime to be one "who has been previously convicted" no matter how many times.' " State v. Durham, 177 Or 574, 164 P2d 448.

See also Borders v. Alexander, 183 Or 488, 194 P2d 414; Macomber v. State et al, 181 Or 208, 180 P2d 793; State of Oregon v. Moore, 192 Or 39, 233 P2d 253. The cases above-cited teach that when a sentence of imprisonment has been imposed for the commission of a crime before the filing of an information under the Habitual Criminal Act, the original sentence must be vacated before or at the time of the imposition of the increased sentence.

■ We turn to the case at bar. The fact that separate case numbers were assigned to the rape case and to the information of felony suggests, though it may not conclusively prove, that the information was treated as a charge of a separate offense. The judgment of life imprisonment signed by the judge contains no indication, direct or implied, that the sentence of life imprisonment was imposed in the rape case. But the conclusive fact is that the plaintiff has been lawfully sentenced in the rape case to ten years imprisonment and that such sentence has never been vacated. This is not a case in which the state seeks a nunc pro tunc order in the Polk County Circuit Court, claiming

that the original sentence was in fact vacated, but that the record fails to show it. No such order has been requested and none could be made. No entry of an order vacating the original sentence could be made nunc because no order vacating was ever made tunc. This is clearly admitted. The claim of the state is based upon the "Failure of the court to vacate said judgment dated October 29, 1942"; not upon the failure to make a proper record. The state asks us to send the plaintiff to Polk County so that it may secure an order at this time "vacating judgment dated October 29, 1942". The attempted sentence of life imprisonment was void ab initio because the ten-year sentence which was imposed upon him in the rape case was never vacated. The questions presented by the motions now arise at a time when the plaintiff has fully served his ten-year sentence. We have yet to be shown how any court can vacate a valid sentence which has been fully served in the penitentiary, nor can we find justification in reason or authority for the imposition of a new sentence for rape, after the criminal has fully served a term of imprisonment imposed for that crime.

The Habitual Criminal Act, as it was until repealed and reenacted in 1947, provided that

"If at any time, either after sentence or conviction, it shall appear that a person convicted of a felony has previously been convicted of crimes as set forth in this act, it shall be the duty of the district attorney of the county in which said conviction was had to file an information, accusing the said person of such previous convictions. * * *" OCLA, § 26-2804.

The same section provided that if previous conviction has been established, the court shall sentence the con-

vict to the punishment provided in the act and "shall vacate the previous sentence, * * *." These provisions should not be construed as authorizing the filing of an information at any time during the life of the convict and even after the original sentence has been fully served. The purpose of the portion first quoted, supra, was to make it clear that the information might still be filed, although sentence had already been pronounced, and the last-quoted portion of the statute indicates that the information should be filed before the original sentence had been fully served, otherwise, it would not provide that the court should vacate the previous sentence. Any other construction of the statute would involve grave questions as to its validity. This court has twice indicated its approval of the construction of the statute which we have adopted. In *Macomber v. State et al,* supra, this court in an opinion by ROSSMAN, J., referred to OCLA, § 26-2804, and said:

"* * * The section just cited says: 'If at any time, either after sentence or conviction, it shall appear that a person convicted of a felony has previously been convicted' an information shall be filed setting forth the convictions and, upon proof of the averments, the increased penalty exacted by §§ 26-2801, 26-2802 and 26-2803 shall be imposed. Rendering it clear that the words 'either after sentence or conviction' include the period of time while the convict is serving his sentence in prison after commitment thereto is the following, also taken from § 26-2804:

" 'Whenever it shall become known to any warden or prison, probation, parole or police officer * * * that any person charged with or convicted of a felony has been previously convicted * * * it shall become his duty forthwith to report the facts to the district attorney of the county from which he was sentenced.' "

The same view of the statute was manifested in *State of Oregon v. Moore,* supra. In that case the court, by WARNER, J., found it necessary to examine the record in great detail to determine whether the sentence imposed upon the defendant Moore had been completely served at the time of the filing of the information under the Habitual Criminal Act. Finding that the sentence had not been fully served, we held that the trial court properly vacated the original sentence and imposed the more severe one. In that case we intended merely to hold that the information could be filed "at any time" after sentence on conviction and before the prisoner had fully served the original sentence. It was unnecessary to consider whether an information could be filed at any later time.

■ We cannot decide the issue presented by the motions now before us without also deciding the main question in the pending appeal from the order of the Marion County Circuit Court discharging the plaintiff from custody. The plaintiff has fully served the only sentence ever imposed in the rape case. The Polk County Circuit Court cannot vacate the sentence already served and cannot now impose upon him any other sentence for that crime. It necessarily follows that the plaintiff is entitled to an immediate discharge from custody. Since the present record conclusively establishes that the plaintiff is entitled to be discharged from custody, we think an order to that effect should be made at this time, without waiting for argument upon the main appeal. Freedom from illegal imprisonment is a precious right, even though it be claimed by a hardened criminal.

Assuming, but not deciding, that the order of the Marion County Circuit Court discharging the plaintiff

from custody might be stayed pending the appeal, we hold that the appeal has become moot and should be dismissed, and the plaintiff should be immediately discharged in accordance with the decree of the Circuit Court.

The motion of the defendants for leave to produce the plaintiff before the Polk County Circuit Court and thereafter to hold him in custody is denied. The motions of the Attorney General to similar effect are also denied. The motion of the plaintiff for an order dismissing the proceedings whereby the defendants seek leave to produce the plaintiff before the Circuit Court for Polk County is allowed. Plaintiff is discharged from custody.