Submitted November 6, 1957, affirmed January 8, 1958

## STATE OF OREGON *v.* POIERIER

320 P. 2d 255

Harold Walter Poierier, Pro Se., filed a brief for appellant.

G. F. Rakestraw, Bend, District Attorney, filed a brief for respondent.

PERRY, C. J.

At the October, 1950, term of the Circuit Court of the State of Oregon for the County of Deschutes, Harold Walter Poierier entered a plea of guilty to the crime of grand larceny, and is now confined in the state penitentiary.

On February 20, 1957, defendant filed in the Circuit Court of the State of Oregon for the County of Deschutes a motion to "vacate judgment, sentence and information." This motion was denied by the trial court on the ground that it was "without jurisdiction to hear the motion to set aside the Judgment, Sentence and Information under the existing laws of the State of Oregon," relying upon *White v. Gladden*, 209 Or 53, 303 P2d 226, and *State v. Huffman*, 207 Or 372, 297 P2d 831. From this ruling of the trial court the defendant has appealed.

The defendant in his motion alleged the following:

"Comes now the above named defendant, Harold Walter Poierier, and respectfully moves the Court for an Order setting aside that certain sentence entered on the 13th day of October, 1950, in the above-entitled cause, and denominated findings and Order posited and the information filed by A. J. Moore, District Attorney for the State of Oregon for the County of Deschutes, for the reason that as appears from the records and the files herein that said information was filed by said District Attorney wrongfully and illegally without said defendant having first appeared before any Judge of the County and State and having the nature of the charge explained to him, as by the Oregon Constitution provided; for the further reason that the record affirmatively shows that the defendant was

charged, waived grand jury indictment, and that the District Attorney filed his information without the defendant first being represented by, or waiving the right to counsel; and as further appears from the records and files herein, that it appears on the face of the alleged information that the said District Attorney wrongfully and illegally had injected into the information that the said 1938 Buick automobile was valued at $600.00 dollars, when the said Buick automobile at the time was actually (13) thirteen years old and had no valuation of more than $25.00 twenty-five dollars, said District Attorney put the $600.00 valuation of the said Buick automobile into the information as to construe that a crime of larceny of an automobile had been committed when actually the only charge that should have been filed against the defendant was a charge of petty larceny, 'if to be charged at all' and that for this reason said alleged information is an erronious (sic) application of the charge of larceny of an automobile and the alleged plea of guilty to said crime and the said arraignment on said alleged information and therefore nullities."

The original judgment recites the following:

"The defendants appeared before the court at ten o'clock on this date accompanied by their attorney Owen Panner and in the custody of the Sheriff of this county, the State of Oregon being represented by A. J. Moore, District Attorney.

"The District Attorney then stated that the defendants were before the court at this time on the charge of larceny while acting jointly and together, and had been before this court on October 6, 1950, on said charge at which time they had signed waivers of indictment on the charge against them and had stated that they desired the services of an attorney and the court had thereupon appointed Owen Panner to represent both defendants and further proceedings had been postponed until this time.

"The court then asked the defendants, through

their attorney, if they still desired to let the waivers of indictment which they had signed on October 6th, 1950, stand as before stated and they replied that they did. The information presented to the court by the District Attorney charging the defendants with said crime was then filed and was read to the defendants by the clerk of the court.

"The court then advised the defendants that they were entitled to take two days time before entering a plea to the charge against them, and each defendant stated that he wished to enter his plea immediately. The court then asked defendant Kenneth Leo Adams what his plea was to said charge and he replied "Guilty." The court then asked defendant Harold Walter Poierier what his plea was to said charge and he replied "Guilty."

"A statement was then made by the District Attorney and the defendants' F. B. I. records were presented to the court.

"The court then advised the defendants that they were entitled to take one days time before having sentence passed upon them and each defendant stated that he wished to have sentence passed immediately.

"A statement was then made by defendants' attorney, Owen Panner, with a plea for leniency for the defendants.

"The court then ordered the defendants to stand up and asked defendant Kenneth Leo Adams if he had anything to say in his own behalf as to why sentence should not be passed upon him, and he answered in the negative. The court then asked defendant Harold Walter Poierier if he had anything to say in his own behalf as to why sentence should not now be passed upon him and he replied in the negative."

The defendant contends his motion is one in the nature of a writ of coram nobis addressed to the discretion of the trial court; that is, it is a delayed motion for a new trial.

■ The ancient writ of coram nobis, which addressed itself to an appellate court requesting that the appellant court require a court of record to examine the proceedings before it or to require that it send its record to a court of appellate jurisdiction to review some alleged error in the proceedings which might be corrected, has been abolished by the statute in this state.

> "Writs of error and of certiorari in criminal actions are abolished. The only mode of reviewing a judgment or order in a criminal action is that prescribed by this chapter." ORS 138.010.

■ This court has recognized that in unusual situations, where there is no adequate statutory procedure provided, a writ in the nature of coram nobis may be issued out of a trial court to provide an adequate post conviction remedy. *State v. Huffman*, supra. In order to provide, generally, an adequate post conviction remedy "we broadly extended, for the benefit of imprisoned persons, the ancient, narrow scope of habeas corpus as a remedy for the violation of constitutional rights." *State v. Huffman*, supra, p. 387. However, it is to be noted, in this same opinion it was carefully pointed out, p. 294, "Since there now exists in Oregon the right by one restrained of his liberty to raise questions of constitutional right by habeas corpus, a remedy grounded in the constitution, it follows, under authorities cited supra, that coram nobis will not lie when habeas corpus provides a remedy." The end result of this opinion is to hold that the jurisdiction of trial courts to entertain a motion in the nature of the writ of coram nobis lies only in unusual situations when no adequate post conviction procedure and remedy has been provided by statute.

■ The defendant's motion presents only questions

relating to alleged violations of his constitutional rights, unless his assumed value of the automobile at the time of his plea raises a question of fact which, although unknown at that time, would, if known, have prevented the entry of the judgment.

The defendant's allegation that the Buick automobile had a value of only $25 at the time the judgment was entered, because it was then 13 years old, is merely his conclusion and adds nothing to his petition. The fact of value was as well known to him at that time as now and by his plea of guilty he admitted that the automobile had a value of more than $35. At the time the judgment was entered grand larceny consisted of the theft of property having a value of more than $35, and it was alleged in the information that the value of the automobile was more than $35, "to-wit, of the approximate value of $600.00." Therefore, to constitute the crime, it was only necessary that the Buick automobile had a value of more than $35.

■ Whenever the writ of coram nobis has been recognized to invoke the jurisdiction of a trial court, it has been only under very unusual circumstances, and then only if it appears from the petition that the facts tendered as a basis for a new trial would have prevented the judgment entered, and also that the facts tendered were unknown at the time of the trial and it was through no lack of diligence or reasonable care on the part of the defendant that they were not presented. See *People v. Gilbert*, 25 Cal2d 422, 154 P2d 657; *Johnston v. The People*, 383 Ill 91, 48 NE2d 350; *Anderson v. Buchanan*, 292 Ky 810, 168 SW2d 48; *Dwyer v. State of Maine*, 151 Me 382, 120 A2d 276; *State v. Woodard*, 108 Utah 390, 160 P2d 432.

The judgment of the trial court is affirmed.