Argued September 4, dismissed November 5, 1958

# STATE OF OREGON *v.* ENDSLEY

331 P. 2d 338

*Louise Jayne*, Portland, argued the cause and filed a brief for appellant.

*David Robinson, Jr.*, Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was Leo Smith, District Attorney, Portland.

LUSK, J.

Defendant, a prisoner in the penitentiary under sentence for the crime of second degree murder, filed a "Petition for a Writ of Error Coram Nobis" in the circuit court for Multnomah County, the court in which he was convicted. Defendant's conviction was upon a plea of guilty. He alleges facts in his petition and in affidavits in support thereof tending to show that his plea was induced by a coerced confession, in violation of his constitutional rights. The court, after a hearing, entered an order denying the petition. Defendant, within the time prescribed by statute, served and filed a notice of appeal to this court.

The state has moved to dismiss the appeal on the ground that the order appealed from is not an appealable order. The motion was heretofore denied, with leave, however, to renew it at the argument. It has been renewed. We are of the opinion that it must be allowed.

■ An appeal is not a matter of absolute right, but a statutory privilege. See list of cases in 2 Oregon Digest, p 276. This is true of criminal as well as civil cases. *State v. Long*, 177 Or 530, 164 P2d 452; *State v. Fehl*, 152 Or 104, 107, 52 P2d 1118; *State v. Berg*, 138 Or 20, 3 P2d 783, 4 P2d 628; *State v. Yarde*, 121 Or 297, 302, 254 P 798; *State v. Lewis*, 113 Or 359, 230 P 543, 232 P 1013. We have repeatedly said that it is unnecessary to cite authorities for a rule so well established and familiar, and do so now only because of a contention in the defendant's brief, to be noticed later, that appeal in Oregon is a matter of constitutional right.

The pertinent statutory provisions are as follows:

ORS 138.010. "Writs of error and of certiorari in criminal actions are abolished. The only mode of re-

viewing a judgment or order in a criminal action is that prescribed by this chapter."

ORS 138.020. "Either the state or the defendant may as a matter of right appeal from a judgment in a criminal action in the cases prescribed in this chapter, and not otherwise."

ORS 138.040. "The defendant may take an appeal to the Supreme Court from a judgment on a conviction in a circuit court or from an order refusing to dismiss the indictment, as provided in ORS 134.120; and upon an appeal, any decision of the court in an intermediate order or proceeding forming a part of the judgment roll, as prescribed in ORS 137.190, may be reviewed."

ORS 134.120, which is referred to in ORS 138.040, reads: "If a defendant indicted for a crime, whose trial has not been postponed upon his application or by his consent, is not brought to trial at the next term of the court in which the indictment is triable after it is found, the court shall order the indictment to be dismissed, unless good cause to the contrary is shown."

ORS 138.050. "A defendant who has plead guilty may take an appeal from a judgment on conviction where it imposes an excessive fine or excessive, cruel or unusual punishment. * * *"

By ORS 138.060, the state is authorized to appeal from a judgment for the defendant on a demurrer to the indictment or from an order of the court arresting the judgment.

As we have frequently said, the procedure provided by the criminal code in respect of appeals is complete in itself. *State v. Stone,* 178 Or 268, 273 166 P2d 980, and cases there cited.

As stated, the appeal is attempted to be taken from

an order denying a petition for a writ of coram nobis. In *State v. Huffman*, 207 Or 372, 297 P2d 831, we held in an opinion by Mr. Justice BRAND that such a remedy (properly called a "motion in the nature of coram nobis") is available as a means of obtaining relief in a limited class of cases "from a conviction obtained in violation of constitutional right." 207 Or at 394. In the present case, the defendant prayed "for an Order to produce Defendant in Court, and hold a hearing on the issues raised, and after such hearing and determination of the facts and the law, that the Court adjudge and decree that the Judgment of Conviction and Sentence be set aside and held for naught, and that Defendant have such other and further relief as the Court deem meet in the premises." The court's denial of the defendant's petition was analogous to the denial of a motion for a new trial. The Supreme Court of the United States has described such a motion as "a belated effort to set aside the conviction and sentence," *United States v. Morgan,* 346 US 502, 505, 74 S Ct 247, 98 L ed 248, and as "a step in a criminal case." Id. In *Huffman v. Alexander,* 197 Or 283, 338, 251 P2d 87, 253 P2d 289, we said: "The only relief which can be granted under a petition for a writ of error coram nobis is the setting aside of judgment and the granting of a new trial." In *State v. Poierier,* 212 Or 369, 372, 320 P2d 255, we characterized such a petition as "a delayed motion for a new trial." As applied to this case, of course, since there has never been a trial, that expression is not altogether accurate. But if the relief sought by the petitioner were to be granted, the judgment of conviction would be set aside and, as we assume, the case would stand for further proceedings as though there had never been a plea of guilty and a sentence. Thus, a motion in the nature of coram nobis

is not, like habeas corpus, a new case, civil in nature, but simply a part of the original criminal proceeding.[①]

■ Such being the nature of the motion, it is clear that the order of the circuit court is not appealable, for it is neither "a judgment upon a conviction" either after trial or upon a plea of guilty, nor "an order refusing to dismiss the indictment" for failure to bring the defendant to trial within the time fixed by statute. Those are the only orders from which the defendant may appeal under the statutes which we have set out above, and ORS 138.020 leaves no possible doubt that it is only "in the cases prescribed in this chapter" that either the state or the defendant may appeal from a judgment in a criminal action.

■ ORS 138.040 provides that "upon an appeal, any decision of the court in an intermediate order or proceeding forming a part of the judgment roll * * * may be reviewed." If it be proper to term the order in this case an "intermediate" order (see *People v. Gersewitz*, 294 NY 163, 61 NE2d 427), still, it is not for that reason an appealable order, but, at most, only such an order as the court is authorized to review on an appeal from the judgment. As no such appeal was taken, the provision last quoted, even though it could ever be availed of when appeal is taken from a conviction on a plea of guilty, has no application. *State v. Evans*, 98 Or 214, 192 P 1062, 193 P 927, points out the distinction between an appealable order and an order which, though not appealable, may, nevertheless, be reviewed.

---

[①] In the absence of statutory authority, a judgment in habeas corpus discharging or refusing to discharge a prisoner is not appealable. Such a judgment, in Oregon, is made appealable by ORS 34.710. See Macomber v. Alexander, 197 Or 685, 691-692, 255 P2d 164. In that case we found it unnecessary to decide whether ORS 19.010 (4), which provides for an appeal from the circuit court to the Supreme Court "in any special statutory proceeding" is applicable to habeas corpus. For two reasons, it is not applicable in coram nobis: (1) coram nobis is not a statutory proceeding; and (2) ORS 19.010 (4) applies only in civil cases.

There, this court reversed a judgment of conviction in a criminal action because the trial court erroneously denied a motion for a new trial based on newly discovered evidence. The state filed a petition for a rehearing in which it contended that an order denying a motion for a new trial is not appealable and could not be reviewed. This court held that such an order, when a new trial is sought on the ground of newly discovered evidence or similar grounds, though not appealable, may nevertheless be reviewed on appeal from the judgment. The court said:

> "An order denying a motion for a new trial is of course not appealable; for, if reviewable at all, it can only be reviewed by an appeal from the judgment against which the motion was directed. The order denying the motion is reached by appealing from the judgment rendered in the case." 98 Or at p 237.

Few cases upon the question from other jurisdictions have been cited or have come to our attention. Under a statute of New York substantially the same as ours, it was held in *People v. Gersewitz,* supra, that an order denying a motion to set aside a conviction, a proceeding which the court said was "analogous, in some respects, to proceedings initiated by the common law writ of coram nobis," was not appealable. After that decision the legislature amended the statute so as to provide for an appeal, by either the defendant or the people, in such cases. NY Laws 1947, ch 706, Code of Criminal Procedure, §§ 517, 518. See *People v. Foster,* 299 NY 291, 86 NE 2d 752.

In California, the statute provides that the defendant may appeal "from any order made after judgment, affecting the substantial rights of the party" (Calif. Penal Code § 1237 [3]), and that the people may appeal from "any order made after judgment, affecting the

substantial rights of the people," idem § 1238 (5). Under the latter provision it was held in *People v. Gilbert*, 25 Cal2d 422, 154 P2d 657, that the people had an appeal from an order granting relief on a petition in coram nobis. There being no such statute in Oregon applicable in criminal cases, this decision is, of course, without persuasive force here.

In *Huffman v. Alexander*, supra, 197 Or at p 338, we indicated *arguendo* that there is no right of appeal in this class of cases. In *State v. Huffman*, supra, 207 Or at p 386, we referred to the question as a difficult one "which should be decided only after full presentation by adverse parties." In that case the circuit court had denied a motion for coram nobis solely on the ground of want of jurisdiction. We said that in such a case "the normal proceeding by which to compel action is by writ of mandamus," but continued:

> "In view of the fact that important constitutional questions are involved and that no question has been raised as to the appealability of the order of the trial court, we shall for the purposes of this case only, assume that the order denying the motion on the ground of want of jurisdiction was appealable."

Since *State v. Huffman*, supra, two coram nobis cases have come to this court in which we passed on the merits: *State v. Poierier*, supra; *State v. Miller*, 214 Or 208, 328 P2d 869. *State v. Sherwood*, 214 Or 594, 328 P2d 774, (now pending on petition for rehearing) was an appeal from an order denying a motion to vacate a judgment of conviction, which we treated as a motion to correct the record. The circuit court's ruling was on the ground that it was without jurisdiction. Following the precedent in *State v. Huffman*, supra, we remanded the case to the trial court with instructions to take jurisdiction. In none of these cases was

the appealability of the order challenged, and this court failed to raise the question on its own motion.② If this assumption of jurisdiction was error, as we think it was, the error should not be perpetuated.

The defendant's claim that he has a constitutional right of appeal from the order is based upon Article VII [Orig.] § 6, Article VII [Am.] § 2, and Article I § 10 of the Constitution of Oregon. These provisions read:

Article VII [Orig.] § 6. "The supreme court shall have jurisdiction only to revise the final decisions of the circuit courts; and every cause shall be tried, and every decision shall be made by those judges only, or a majority of them, who did not try the cause or make the decision in the circuit court."

Article VII [Am.] § 2. "The courts, jurisdiction, and judicial system of Oregon, except so far as expressly changed by this amendment, shall remain as at present constituted until otherwise provided by law. But the Supreme Court may, in its own discretion, take original jurisdiction in mandamus, quo warranto and habeas corpus proceedings."

Article I § 10. "No court shall be secret, but justice shall be administered openly and without purchase, completely and without delay, and every man shall have remedy by due course of law for injury done him in his person, property, or reputation."

Section 6 of Original Article VII (which, since the adoption of Amended Article VII in 1910, has been in effect only as law, *State ex rel Madden v. Crawford*, 207 Or 76, 82-83, 295 P2d 174; *Holman v. Lutz*, 132 Or 185, 214, 282 P. 241, 284 P 825), was seventy years ago construed as conferring jurisdiction upon the Supreme

---

② In State v. Sherwood, the state argued that coram nobis is in the nature of an independent civil action, and, contrary to the state's position here, that a final order therein is appealable.

Court to revise all final decisions of the circuit courts. *Mitchell v. Powers*, 16 Or 487, 491, 19 P 647. See, also, *Mitchell v. Powers*, 17 Or 491, 492, 21 P 451; *North Pacific Presbyterian Board of Missions v. Ah Won*, 18 Or 339, 344, 22 P 1105. But these decisions were over-ruled *sub silentio* in *Portland v. Gaston*, 38 Or 533, 63 P 1051. Article VII § 6 was held to be not self-executing. "The legislature", the court said, "has the power to define in what cases, and under what circumstances, and in what manner, an appeal may be taken to this court." 38 Or at p 535. This decision has since been cited many times and followed in an unbroken line of cases and has been the law of Oregon ever since it was rendered.

■ Article I § 10 does not purport to grant a right of appeal in any case, civil or criminal. It is a guarantee of due process of law and its requirements are fulfilled whenever a man has had his rights adjudicated in a circuit court in a fair hearing after notice, even though no appeal is granted to this court. *Spicer v. Benefit Association of Railway Employees*, 142 Or 574, 602-603, 17 P2d 1107, 21 P2d 187, 90 ALR 517; *Clay v. Clay*, 56 Or 538, 542, 108 P 119, 109 P 129.

■ The defendant further relies on ORS 1.160, which reads:

> "When jurisdiction is, by the constitution or by statute, conferred on a court or judicial officer, all the means to carry it into effect are also given; and in the exercise of the jurisdiction, if the course of proceeding is not specifically pointed out by the procedural statutes, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of the procedural statutes."

This statute does not confer jurisdiction on this or any other court. It simply authorizes a court on which

jurisdiction has been conferred either by the constitution or by statute to adopt suitable process or mode of proceeding in order to carry such jurisdiction into effect.

Finally, the defendant cites *Dowd v. Cook*, 340 US 206, 71 S Ct 262, 95 L ed 215. That case decides only that a convicted person who was wrongfully prevented by the warden of the state penitentiary from exercising a right of appeal generally afforded those convicted of crime, was deprived of the equal protection of the laws, and that the state must find a way to provide him an appellate review or he would be discharged. The decision lends no support to the contention that due process of law requires that a state provide for appeals in criminal cases, but holds simply that where the state does so provide the right must be available equally to all convicted persons.

In summary, we are of the opinion, "after full presentation by adverse parties" (*State v. Huffman*, supra), that it is not open to doubt that appeal in this state is a statutory privilege and not a constitutional right, and that there is no statute authorizing an appeal from the order of the circuit court of which the defendant complains. It follows that this court is without jurisdiction to review that order, and the appeal must be dismissed. As above stated, the legislature of New York, after the decision in *People v. Gersewitz*, provided for an appeal in this class of cases. The question whether a similar change in the law of Oregon is desirable is one that should be addressed to the legislature, not to the courts.

Appeal dismissed.