Argued January 3, affirmed March 29, motion to recall man-
date and modify decision denied May 16, 1967

# WILLIAM OLEN GAIRSON, *Appellant, v.*
# GLADDEN, *Respondent.*

425 P. 2d 761

*Lawrence A. Aschenbrenner,* Public Defender, Salem, argued the cause and filed briefs for appellant.

*David H. Blunt,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN,[*] Justices.

O'CONNELL, J.

This is an appeal by petitioner from an order dismissing his petition seeking relief under the Post-Conviction Hearing Act.

Petitioner was convicted and sentenced to life imprisonment for the crime of murder in the second degree. He was represented by retained counsel at trial. After the judgment of conviction was entered, petitioner's attorney was advised that petitioner desired to appeal but that petitioner had no money to prosecute an appeal. Petitioner's attorney did not advise him that an indigent defendant was entitled to court appointed counsel on appeal. It is contended that the failure to so advise petitioner deprived him of his constitutional rights. This contention is clearly without merit.

---

[*] Holman, J., did not participate in the decision of this case.

■ An accused has a constitutional right to be informed that he is entitled to be represented by appointed counsel in the trial of the charge against him. He has no constitutional right to an appeal and therefore if the legislature should see fit it could provide that upon appeal no one is entitled to counsel.[1] However, if counsel is permitted on appeal, then the equal protection clause of the Fourteenth Amendment requires that the indigent be given substantially the same opportunity to employ counsel as a defendant who has the money to do so.

■ Petitioner takes the position that an indigent defendant not only has this constitutional right of equal protection, but also the right, apparently under the due process clause of the Fourteenth Amendment, to have the state inform him that he is entitled to appointed counsel on appeal. Since the right to appeal is merely a statutory right the assistance of counsel necessary to implement that right can be of no greater magnitude and does not rise to the level of a constitutional right under the due process clause of the Fourteenth Amendment, although as we have indicated above it may, under the proper circumstances, give rise to a constitutional right under the equal protection clause of the Fourteenth Amendment.

■■ When an indigent informs the court of his need for counsel on appeal, he is entitled to have counsel appointed. But neither the court nor any other agency of government is required to inquire of a convicted defendant for the purpose of determining whether he intends to appeal and if so whether he has

[1] State v. Gates, 230 Or 84, 368 P2d 605 (1962); State v. Jairl, 229 Or 533, 368 P2d 323 (1962); State v. Foster, 229 Or 293, 366 P2d 896 (1961); State v. Endsley, 214 Or 537, 331 P2d 338 (1958); State v. Berg, 138 Or 20, 3 P2d 783, 4 P2d 628 (1931).

the means to employ counsel.[2]  Cases in other jurisdictions have reached this same conclusion.[3]

Judgment affirmed.

McALLISTER, J., specially concurring.

I agree that there is no constitutional right to an appeal.  However, if an appeal is provided, the equal protection clause of the Fourteenth Amendment gives an indigent defendant a constitutional right to the same kind of an appeal as a defendant with money. The constitutional right includes *inter alia* a transcript, *Griffin v. Illinois,* 351 US 12, 76 S Ct 585, 100 L Ed 891 (1956), and appointed counsel, *Douglas v. California,* 372 US 353, 83 S Ct 814, 9 L Ed 2d 811 (1963), reh den 373 US 905, 83 S Ct 1288, 10 L Ed 2d 200.

In my opinion, the due process clause of the Fourteenth Amendment does not require the court to inform every defendant of his right to appeal and, if he is indigent, of his right to counsel, and to ascertain whether the defendant wishes to appeal or to waive that right.  I agree that the burden should be on the defendant to inform the court that he wishes to appeal and, if he is indigent, wishes to have counsel appointed to represent him. *McIntosh v. Commonwealth,* 368

---

[2] It has been suggested that even where counsel is not requested defendant may be entitled to appointed counsel if "a responsible State official has actual knowledge that the defendant is indigent and desires to appeal his conviction." Pate v. Holman, 341 F2d 764, 773 (5th Cir 1965). It is not necessary for us to decide whether in such a case there is a constitutional right to be informed that counsel is available at state expense.

[3] See, McIntosh v. Commonwealth, 368 SW2d 331, 336 (Ky App 1963); State ex rel Dych v. Bomar, 213 Tenn 699, 378 SW2d 772, 775 (1964).

But cf., Doyle v. United States, 366 F2d 394 (9th Cir 1966); Wainwright v. Simpson, 360 F2d 307 (5th Cir 1966).

SW2d 331, 336 (Ky App 1963); *State ex rel Dych v. Bomar,* 213 Tenn 699, 378 SW2d 772, 774 (1964).

I, therefore, concur in the result of the majority opinion.

GOODWIN, J., dissenting.

The majority holds in effect that since a right to appeal is not a due-process right but an equal-protection right, a right to counsel on appeal is likewise not a due-process right but an equal-protection right. Thus far I agree. I do not concur, however, in the view that the right to counsel on appeal, whatever its pedigree, can be waived by unwitting defendants.

Whatever logic may be marshaled in support of the majority view, the majority seems to me to be inconsistent with our own cases: e.g., *State v. Neely,* 239 Or 487, 395 P2d 557, 398 P2d 482 (1965). The majority concedes that its view is contrary to the holdings of the United States Court of Appeals for the Ninth Circuit. See, e.g., *Doyle v. United States,* 366 F2d 394 (9th Cir 1966).

I would prefer to hold uniformly in criminal cases that an unwitting waiver is not a waiver, and that a prisoner refused representation on appeal by retained counsel because the prisoner lacks funds is entitled to be told that he has a right to appeal at public expense. If an occasional retained counsel neglects to tell his client of his rights and thus imposes a burden on the courts, then it is a burden they ought to carry. It takes only a moment to ask a prisoner after sentence if his counsel has told him of his rights to an appeal. If not, the court can tell him that if he cannot afford an appeal he is entitled to one at public expense. Such advice may breed a frivolous appeal now and then, but it will avoid the protracted litigation in state and

federal courts for which the instant case appears to be destined. *Fay v. Noia,* 372 US 391, 83 S Ct 822, 9 L Ed 2d 837 (1963), requires a considered choice on the defendant's part. There was no such choice in this case.

I dissent.

SLOAN, J., joins in this dissent.