Joyce FREDERICK, Burnice Booker, Mary Coe, Mary Hotchkiss and Ollie Pickett, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Irving SCHWARTZ, Clerk of the Sixth Circuit Court, on behalf of himself and all others similarly situated and Joseph J. Chernauskas, Judge of the Circuit Court, on behalf of himself and all others similarly situated, Defendants.

Civ. No. 12759.

United States District Court
D. Connecticut.

March 21, 1969.

William H. Clendenen, Jr., Joseph M. Shortall, New Haven, Conn., for plaintiffs.

Robert K. Killian, Atty. Gen., Raymond J. Cannon, Richard E. Rapuano, Asst. Attys. Gen., Hartford, Conn., for defendants.

Before SMITH, Circuit Judge, and BLUMENFELD and CLARIE, District Judges.

MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT AND ON MOTION TO DISMISS

J. JOSEPH SMITH, Circuit Judge.

This is an action by five plaintiffs, Joyce Frederick, Burnice Booker, Mary Coe, Mary Hotchkiss and Ollie Pickett, recipients of assistance from the Connecticut State Welfare Department, dissatisfied with rulings of the welfare commissioner after fair hearings in review of unfavorable local district rulings on applications for additional assistance. In each case an attempted appeal, timely made, to the Sixth Circuit Court of Connecticut was not entertained for failure to pay a $7.00 filing fee, and a motion to waive the filing fee was denied as not authorized by statute or not acted upon. The action, against Irving Schwartz, Clerk of the Sixth Circuit Court and Joseph J. Chernauskas, Judge of the Circuit Court, purportedly on behalf of the five plaintiffs and all those

similarly situated,[1] seeks to invalidate the requirement of a $7.00 entry fee in appeals to the Circuit Court of Connecticut from the welfare commissioner's rulings after the fair hearings. Plaintiffs contend that their federal constitutional rights to due process of law and equal protection of the laws have been denied by the entry fee requirement.

In the case of Mrs. Frederick, the subject matter of the attempted appeal was an application that the welfare department pay the penalty for late payment of rent assessed by Mrs. Frederick's landlord, the New Haven Housing Authority, in the amount of $33.00.

In the cases of plaintiffs Burnice Booker, Mary Coe and Ollie Pickett, the subject matter was in each case a request that telephone service be provided.

In the case of plaintiff Mary Hotchkiss, the subject matter was a request that the welfare department furnish tuition and books for parochial school for one of her children. Thirteen days before signing her affidavit seeking in forma pauperis appeal, Mrs. Frederick received $30.00 from her husband. She was receiving monthly support and maintenance of $101.68, rent of $92.01 at the time.

Mrs. Booker was receiving $228.21 and rent $91.00.

Mrs. Coe was receiving when last reported in Ex. 5, $167.50 plus rent.

Mrs. Hotchkiss was receiving $376.25 plus rent of $125.00.

Mrs. Pickett was receiving $128.80 plus rent of $73.00.

We are informed that plaintiff Booker's request has now been granted.

In the New Haven area, where plaintiffs reside, there is available at least to a limited degree, aid to indigent litigants through the New Haven Legal Assistance Association, Inc. Funds for the support of the Association are obtained from the United States Office of Economic Opportunity, the Ford Foundation, the Meyer Foundation and the State of Connecticut. The money available from this source for court costs, transcripts, sheriff's fees and similar purposes is limited, amounting in the period March 1, 1968 to December 31, 1968 to some $3,100.00. The executive director of the association allocates the funds available for such purposes on an evaluation of the relative importance of the individual case. Money for payment of the entry fees on appeal from the fair hearings was denied the instant plaintiffs essentially for lack of sufficient funds to cover all requests.

We deny the plaintiffs' motion for summary judgment and dismiss the action for failure to state a claim upon which relief can be granted.

■ Essentially, the legal question here is whether the state may limit access to its civil courts by the requirement of a filing fee. In Boddie v. State of Connecticut, 286 F.Supp. 968 (D.Conn. 1968), we answered the question in the affirmative, and we adhere to that ruling. Ordinarily there is no constitutional right to judicial review of administrative action. Estep v. United States, 327 U.S. 114, 120, 66 S.Ct. 423, 90 L.Ed. 567 (1946). Cf. McCall v. Shapiro, 292 F. Supp. 268 (D.Conn.1968). Where the right has been granted by the legislature it may be conditioned on the payment of a modest filing fee because of the legitimate interest of the state in financial support of the courts and in discouraging frivolous appeals by those able to pay as well as those unable to do so. Boddie, supra 286 F.Supp. at 973. We stand on the reasoning expressed in Boddie. Plaintiffs seek to distinguish Boddie because the state is here a party to the proposed litigation. In each case, however, it is access to the civil courts provided by the state which is involved, and no distinction is made as to entry fees wheth-

---

1. In view of the lack of showing as to the size of the class of welfare applicants whose appeals are rejected for inability to pay the filing fee or obtain the help of some agency to pay it, we decline to order that the case be considered as a class action.

er the action is one against the state or against a private party. Since the Circuit Court fee of $7.00 in the instant case is substantially less than the Superior Court fee of $45.00 in *Boddie*, we necessarily reach the same result.

Recent years have seen an increasing concern for the problems of the indigent in a comparatively affluent society. This has been marked not only by the provision of support and maintenance of the poor at generally increasing although sometimes inadequate levels, but by measures to insure equal access to the courts by providing for in forma pauperis procedures, adopted by the Congress and the legislatures of many of the states. Such measures have been successfully and liberally administered for some years in those jurisdictions, see, for example, Adkins v. E. G. DuPont De Nemours, 335 U.S. 331, 69 S.Ct. 85, 93 L.Ed. 43 (1948), and there is much to recommend them. The Connecticut legislature is reported to be considering some similar measures at the present time. That, as we indicated in *Boddie*, is the proper forum for consideration of further steps to remove the handicaps of poverty. We cannot say that the Constitution requires the removal of the court fee of $7.00 involved here.

The state argues that we should deny the plaintiffs' motion on the merits because plaintiffs are not in fact prevented by poverty from paying the $7.00 filing fee, pointing to the receipt of $30.00 by Mrs. Frederick from her husband shortly before her appeal, and to regulations and testimony claimed to establish that there is sufficient play in the joints of the Connecticut welfare allowances, particularly the personal expense allowance, said to amount to $25.00 a month for a family of five, to provide a source for any such highly unusual expense as the $7.00 filing fee. Plaintiffs contend that the level of assistance is in fact inadequate and that we should find that poverty in fact makes it impossible for them to pay the fee. With the costs of subsistence what they are today in this area, the State's position does seem to be squeezing the stone pretty hard, but we find it unnecessary to determine whether there is a genuine issue of material fact for trial here, in view of our disposition of the motion to dismiss for failure to state a claim.

The action is dismissed for failure to state a claim on which relief may be granted.