■ NORMA BERNSTEIN, Appellant, v. ROBERT BERMAN, Respondent.— Judgment of the Supreme Court, New York County entered on May 6, 1969, in this assault action, pursuant to directed verdict for the defendant at the end of the case, reversed, on the law, the judgment vacated and a new trial directed, with costs and disbursements to abide the event. On a motion by defendant for a directed verdict, the facts adduced at the trial must be considered in the light most favorable to plaintiff. The plaintiff testified that she was walking in the vicinity of the Columbia University Campus when the defendant about to serve a summons on her grabbed her by the collar of the coat and pushed her against a nearby wall. She further testified that she extricated herself and ran into one of the buildings on the campus. When she left that building an hour later, the defendant followed her and took a seat in the subway where she proceeded to her daughter's dancing class. After remaining there an hour, the defendant finally succeeded in securing a policeman to assist him in serving the summons. These facts warrant submission of the case to the jury. Although plaintiff's case may be doubtful, a verdict may not be directed since the standard is not whether a verdict on her behalf would be set aside as contrary to the weight of the credible evidence, but whether the jury could find for her by any rational process. (*Prince* v. *City of New York*, 21 A D 2d 668.) Concur — Stevens, P. J., Murphy, McNally and Capozzoli, JJ.; Nunez, J., dissents in the following memorandum: In my view the Trial Justice's action was eminently proper. Plaintiff, revealing herself as the " woman scorned " set upon a course of harassment of defendant who had married another. Plaintiff entreated defendant to divorce his wife and marry her. She annoyed and harassed the defendant by embarrassing visits at his place of employment and at his home where he was residing with his new bride. In an attempt to curb her activities, and following an alleged assault by plaintiff upon him, defendant obtained a summons in the Criminal Court against her. Plaintiff claims that defendant assaulted her when he attempted to serve that summons. No outcry was made by plaintiff although the summons was actually served upon her in the presence of a uniformed police officer several hours after the claimed assault. Plaintiff went about her regular business and made no complaint until shortly before the expiration of the two-year Statute of Limitations. At the conclusion of the trial, the court dismissed the complaint. Plaintiff's evidence was so inherently improbable as to be beyond belief and therefore no evidence, and should

be disregarded. (See *Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241; *People* v. *Galbo,* 218 N. Y. 283;*Mayer* v. *Zim Israel Navigation Co.,* 289 F. 2d 562 cert. den. 368 U. S. 889.) The assault is alleged to have occurred on January 2, 1963. This action was commenced two years later. It was tried and dismissed three years ago. The majority is unjustifiably reviving an ancient incident which the trial court properly buried.