610

Argued September 18, affirmed December 9, 1974, reconsideration
denied January 15, petition for review denied February 11, 1975

SNOW ET UX, *Appellants, v.* STATE EX REL
STATE HIGHWAY COMMISSION (No. 381-143),
*Respondent.*

528 P2d 1368

*Ray G. Brown,* Portland, argued the cause and filed
the briefs for appellants.

*Timothy Wood,* Assistant Attorney General, Sa-
lem, argued the cause for respondent. With him on
the brief were Lee Johnson, Attorney General, and
W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FORT, J.

Plaintiffs brought an action against defendant in circuit court for a money judgment claimed under the Relocation Assistance Act. ORS 281.060 to 281.100. They appeal from an order dismissing for lack of jurisdiction.

Defendant, Oregon State Highway Commission, acquired plaintiffs' home by voluntary agreement in connection with right-of-way acquisition for construction of a public highway. No question is raised concerning the authority of defendant to do so. Following this agreement, plaintiffs filed with defendant, pursuant to ORS 281.060 to 281.100, a claim for relocation payment in addition to the amount previously agreed to. After due consideration, defendant denied plaintiffs' claim. Thereafter, plaintiffs brought this action.

The title to Oregon Laws 1971, ch 142, p 174, now ORS 281.060 to 281.100, states:

"Relating to authorization to comply with requirements of Federal Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 in connection with federally assisted program or project resulting in the acquisition of real property; and declaring an emergency."

The federal act therein referred to is Pub L 91-646, title II, § 201, Jan. 2, 1971, 84 Stat 1895, and is entitled:

"AN ACT

"To provide for uniform and equitable treatment of persons displaced from their homes, busi-

nesses, or farms by Federal and federally assisted programs and to establish uniform and equitable land acquisition policies for Federal and federally assisted programs."

The statute is found in 42 USCA §§ 4601-4655. A general description of its purposes is set forth in House Report No. 91-1656, 3 United States Congressional and Administrative News, 91st Congress, Second Session, pp 5850-875 (1970).

42 USC § 4621 provides:

"Declaration of policy

"The purpose of this subchapter is to establish a uniform policy for the fair and equitable treatment of persons displaced as a result of Federal and federally assisted programs in order that such persons shall not suffer disproportionate injuries as a result of programs designed for the benefit of the public as a whole."

It is conceded that plaintiffs' house was taken in connection with the acquisition of the right-of-way for the Mt. Hood freeway and, as such, was a program which received federal financial assistance within the meaning of ORS 281.060.

Plaintiffs submitted their claim for relocation payments to the state highway commission. It is conceded that defendant commission processed the claim through its established administrative channels, including determinations by defendant's right-of-way section, then by its Appeals Board, and thereafter by the Administrator of Highways. At each level, plaintiffs' claim was denied.

No petition for review of the final administrative decision was filed in this court by the Snows,

plaintiffs-appellants herein. Instead, they filed the instant action in the circuit court.

ORS 183.480 (1)(a) provides:

"Any person adversely affected or aggrieved by an order or any party to an agency proceeding is entitled to judicial review of a final order, whether such order is affirmative or negative in form, under ORS 183.480, 183.490 and 183.500. A petition for rehearing or reconsideration need not be filed as a condition of judicial review unless specifically otherwise provided by statute or agency rule."

No contention is here made that the Snows' claim before the highway commission was not a contested case.

ORS 183.480 (2) provides:

"Jurisdiction for judicial review of contested cases is conferred upon the Court of Appeals * * *. Proceedings for review shall be instituted by filing a petition in the case of contested cases in the Court of Appeals * * *."

Plaintiffs, if we correctly understand them, take the position that it was not necessary for them to seek review under the foregoing provisions in part because of ORS 281.080, which provides:

"Any displaced person aggrieved by a determination as to eligibility for a payment authorized by ORS 281.060 to 281.100, or the amount of payment, may have his application reviewed by the administrative head or governing body, or the duly authorized representative, of the state, county, or other municipal or public corporation undertaking the federal program or project *whose decision shall be final*." (Emphasis supplied.)

ORS 183.480 (1)(b) provides:

"Judicial review of final orders of agencies shall be solely as provided by ORS 183.480, 183.490 and 183.500."

Appellants in their brief next assert:

"It is immaterial to the issue here whether the Oregon Legislature attempted to preclude judicial review or not. The Supremacy Clause, Paragraph 2, Article VI, of the U. S. Constitution provides:

" 'This Constitution, and the Laws of the United States, which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.' "

In Oregon, the scope of the inherent power of a court is discussed at length in *Ortwein v. Schwab,* 262 Or 375, 498 P2d 757 (1972), *aff'd* 410 US 656, 93 S Ct 1172, 35 L Ed 2d 572 (1973). There, the Oregon Supreme Court considered waiver on behalf of an indigent of the statutory filing fee required in all civil cases filed in the Court of Appeals in terms of the inherent power of the court as well as upon alleged constitutional grounds. It stated:

"We accept the doctrine of inherent power for the judiciary; however, we view it as a more limited source of power than apparently the California and Washington courts do. In *State ex rel Bushman v. Vandenberg,* 203 Or 326, 335, 276 P2d 432, 280 P2d 344 (1955), we quoted with approval from Rottschaefer, Constitutional Law, 46 (1939):

" ' "* * * The judicial power thus conferred is generally held to include not merely that of deciding cases but also incidental powers necessary to the effective performance of that primary function." '

"We look upon the doctrine of inherent judicial power as the source of power to do those things necessary to perform the judicial function for

which the legislative branch has not provided, and, in rare instances, to act contrary to the dictates of the legislative branch. We do not, however, view the legislative requirement of a filing fee as a prerequisite to processing an appeal from an administrative ruling as such a restriction upon the performance of a judicial function that it must be ignored. It would be incongruous to hold that the requirement of a filing fee is not contrary to the Due Process and Equal Protection Clauses but is such a restriction upon the performance of the judicial function that the court can ignore the legislative command under the guise of exercising its inherent power." 262 Or at 385-86.

Here, plaintiffs had full opportunity to and had a complete administrative hearing and review of their claim. No petition for administrative review was filed. Thus, we need not and do not here find it necessary to decide whether ORS 281.080 was intended to deny to plaintiffs the judicial review otherwise available under ORS 183.480.[①]

Even assuming, arguendo, that normal administrative review is denied by ORS 281.080, in view of the complete administrative procedures here carried

---

[①] We note that in Ortwein v. Schwab, 262 Or 375, 498 P2d 757 (1972), aff'd 410 US 656, 93 S Ct 1172, 35 L Ed 2d 572 (1973), our Supreme Court said:

"The contentions that petitioners wish to have heard by the Court of Appeals are that the Welfare Division's order is not supported by the evidence and is contrary to federal and state law and regulation. We conclude that failure to provide for judicial review of such administrative orders upon such grounds is no violation of the Constitution.

"The Oregon Constitution reads, '* * * every man shall have remedy by due course of law for injury done him in his person, property, or reputation.' Art I, § 10. We also conclude that this provision is not violated by not providing judicial review of the Welfare Division's orders in this case. White v. State Ind. Acc. Com., supra (227 Or 306), may have so held." 262 Or at 381-82.

out, no such loss of a "fundamental interest" as to warrant the exercise here of "inherent power" by this court is found. *Ortwein v. Schwab,* supra.

In affirming *Ortwein,* the United States Supreme Court said:

> "* * * Each of the present appellants has received an agency hearing at which it was determined that the minimum level of payments authorized by law was being provided. As in *Kras,* [United States v. Kras, 409 US 434, 93 S Ct 631, 34 L Ed 2d 626 (1973)] we see 'no fundamental interest that is gained or lost depending on the availability' of the relief sought by appellants." 410 US at 659.

We conclude, in accordance with the rule of *Ortwein v. Schwab,* supra, that this is not such a case as to warrant the application of the doctrine of the inherent power of the judiciary.

The judgment of dismissal is affirmed.