Norma BERNSTEIN, Plaintiff,

v.

The STATE OF NEW YORK, Francis X. Smith, Administrative Judge of New York City Civil Court, and Phoenix Ingram, Chief Clerk of The New York City Civil Court, Defendants.

No. 77 Civ. 4800(MP).

United States District Court,
S. D. New York.

March 8, 1979.

Community Law Offices, New York City, for plaintiff by Carl O. Callender, Arthur C. Helton, and Victor Olds, New York City.

Robert Abrams, Atty. Gen. of The State of New York by A. Seth Greenwald, Asst. Atty. Gen., New York City.

## OPINION

POLLACK, District Judge.

Defendants have moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) and plaintiff has cross-moved for summary judgment in her favor pursuant to Rule 56. For the reasons set forth below, the suit must be dismissed.

This suit seeks a declaration that it is unconstitutional to exact a $10 fee for filing a notice of appeal from a New York City Civil Court decision to the Appellate Term of the New York State Supreme Court. The plaintiff seeks a direction to the Clerk that he accept plaintiff's notice of appeal as filed timely and without requiring payment of the fee.

## I.

Plaintiff is a resident of Manhattan and a recipient of public assistance. In 1964, she commenced an action for assault and battery in New York State Supreme Court. At the close of a trial in 1969, the Court directed a verdict against the plaintiff. The Appellate Division reversed and ordered a new trial. *Bernstein v. Berman*, 39 App.Div.2d 525, 330 N.Y.S.2d 477 (1st Dept. 1972). The case was retried in the New York City Civil Court and on January 11, 1974, a jury rendered a verdict against plaintiff.

Plaintiff had been represented by counsel in the Civil Court but was unable to secure counsel for an appeal from the adverse verdict. She then attempted to prosecute an appeal *pro se* by having a judgment entered on the verdict and serving a copy of the judgment on Berman's attorney. Plaintiff made several attempts to file a notice of appeal, each of which was rejected by the clerk of the Civil Court for failure to pay the ten dollar fee required by Section 1911(f) of the New York City Civil Court Act for filing a notice of appeal.

Plaintiff claimed that she could not afford the filing fee, and, on July 23, 1974, she moved, apparently pursuant to N.Y.C.P.L.R. §§ 1101 & 1102 (*see* N.Y.City Civ.Ct. Act § 2102), for leave to proceed with an appeal as a poor person. The state court denied that motion and two subsequent applications because her papers did not satisfy the pertinent statutory provisions. After the third such denial on January 13, 1975, plaintiff secured the assistance of the Community Law Offices, which then made a motion on her behalf for leave to allow her to appeal as a poor person. The Court denied that motion on June 4, 1975, on the ground that the time to appeal had expired.

Plaintiff then lodged a notice of appeal with the clerk and, according to her amended complaint in this action, argued before the Appellate Term of the Supreme Court

that the mandatory ten dollar filing fee violated the federal constitutional guarantee to equal protection [and] denied her access to the courts in violation of the federal constitutional entitlement to due process of law.

The complaint alleges that the Appellate Term rejected these contentions in a *per curiam* affirmance of the lower court's dismissal on the ground that the appeal had not been timely taken. Further, that these arguments were reiterated in applications (in the Appellate Term and then in the Appellate Division) for leave to appeal to the Appellate Division of the Supreme Court. According to the complaint, they were denied respectively on January 5, 1976, and March 16, 1976. A notice to appeal to the Court of Appeals was lodged by plaintiff and the Court of Appeals dismissed that attempted appeal on June 17, 1976.

The instant action was commenced on September 30, 1977. Plaintiff's amended complaint names as defendants the State of New York, Francis X. Smith, Administrative Judge of the Civil Court, and Phoenix Ingram, Chief Clerk of that Court.

## II.

Defendants contend that res judicata or collateral estoppel bar this action. They

note that plaintiff presented her federal constitutional claims in the prior state court proceeding, and that they were decided adversely by the state courts. Plaintiff responds that although her contentions were presented to the state courts, she should be permitted to relitigate the federal claims because the constitutional issues were never the subject of an opinion in the state courts.

 This action is not barred by principles of res judicata, because neither the parties nor the cause of action are identical in the two actions. However, plaintiff would be precluded by collateral estoppel from relitigating her claims in this forum if she had a full and fair opportunity to liti-·gate them in the first proceeding and if the claims were necessarily decided in the prior action. *Winters v. Lavine*, 574 F.2d 46, 58 n.14, 60 (2d Cir. 1978).

Plaintiff makes no claim that she was denied a full and fair opportunity to litigate her federal constitutional claims before the state courts. Indeed, her counsel claimed that they raised her federal claims "from the time that the first motion to proceed as a poor person was made" and thereafter "at all junctures in the state courts." Thus, this branch of the test for the application for collateral estoppel is satisfied.

Plaintiff does claim that her federal arguments were not necessarily adjudicated by the state courts because they were never discussed in an opinion. A litigant may be collaterally estopped, however, from relitigating an issue decided *sub silentio* in a prior state proceeding. *Winters v. Lavine*, *supra* at 61.

> It is not significant, moreover, that the Appellate Division's opinion does not allude to the constitutional issue which Winters had clearly submitted to that court for resolution, for, as appellant concedes, it is entirely possible for a court to consider and reject a particular claim presented to it without any express discussion of or allusion to that claim. Indeed, on two recent occasions we have emphasized this very point. "The silence of the [court's] opinion on the constitutional issue is of course immaterial."

*Tang v. Appellate Division, supra,* 487 F.2d [138,] at 141 n.2 (2d Cir. 1973); *accord, Lecci v. Cahn,* 493 F.2d 826, 830 (2d Cir. 1974) ("The fact that the affirmances in the state courts were without opinion or without specific reference to the constitutional question is of course immaterial.")

*Winters v. Lavine, supra* at 60–61. *But cf. Bulger v. McClay,* 575 F.2d 407, 411 (2d Cir.), *cert. denied,* —— U.S. ——, 99 S.Ct. 290, 58 L.Ed.2d 263 (1978) (habeas corpus petition; "silence in the face of a substantial constitutional question suggests a serious void in the appellate process").

It is clear that plaintiff's federal claims were decided, albeit without opinion, by the state courts. The state courts necessarily determined that the constitutional objections to the appellate filing fee were without merit; otherwise, plaintiff's timely efforts to file a notice of appeal would have entitled her to relief allowing her to prosecute her appeal. Thus, the second branch of the test for the application of collateral estoppel is also satisfied, and plaintiff is estopped from relitigating her constitutional challenge to the Civil Court filing fee.

## III.

Even if collateral estoppel did not preclude plaintiff from prosecuting this action, her complaint would have to be dismissed for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6).

 Plaintiff contends that the filing fee for an appeal from the New York City Civil Court violates the due process clause of the Fourteenth Amendment. She relies upon *Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), which struck down a requirement for a filing fee necessary to commence an action for divorce. The Court reasoned that:

> given the basic position of the marriage relationship in this society's hierarchy of values and the concomitant state monopolization of the means for legally dissolving this relationship, due process does

438

prohibit a State from denying, solely because of inability to pay, access to its courts to individuals who seek judicial dissolution of their marriages. (401 U.S. at 374, 91 S.Ct. at 784.)

Defendants rely upon *Ortwein v. Schwab*, 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973), and *United States v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973). In *Ortwein*, a $25 filing fee required to secure judicial review of an administrative determination of welfare benefits was upheld against a due process challenge. The Court held that the interest in receiving welfare benefits was not fundamental or significant for constitutional purposes, and that the administrative hearing required by *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), was sufficient as an alternative to unrestricted access to judicial review to meet the requirements of due process.

In *Kras*, the Court rejected a due process challenge to the $50 filing fee required for a voluntary petition in bankruptcy. The Court held that the interest in a discharge of one's debts through bankruptcy proceedings is not of constitutional significance. It further noted that a debtor had alternative means to effect an adjustment with his creditors, including a negotiated agreement.

It is clear that under these cases plaintiff's due process claim must fall. Unlike the appellants in *Boddie v. Connecticut, supra*, who sought "access to the judicial process in the first instance," 401 U.S. at 375, 91 S.Ct. at 784, plaintiff is seeking appellate review of a verdict reached after a full trial before a jury. Thus, like the appellants in *Ortwein v. Schwab, supra*, plaintiff has already been "given a meaningful opportunity to be heard." *Boddie v. Connecticut, supra*, 401 U.S. at 377, 91 S.Ct. at 785.

Moreover, plaintiff's interest in seeking redress for an alleged assault and battery is of less constitutional significance than the interests of the *Boddie* appellants in "the adjustment of a fundamental human relationship"—marriage—which "involves interests of basic importance to our society." *Boddie v. Connecticut, supra*, 401 U.S. at

383 and 376, 91 S.Ct. at 788 and 785. Finally, the judicial process is not the sole means for settlement of her dispute with the alleged tort-feasor. *Cf. Ortwein v. Schwab, supra*, 410 U.S. at 659–60, 93 S.Ct. 1172; *United States v. Kras, supra*, 409 U.S. at 445–46, 93 S.Ct. 631.

Notwithstanding the foregoing analysis, the New York state court filing fee must be distinguished from both the fees struck down in *Boddie* and the fees upheld in *Kras* and *Ortwein*. In each of those cases, the challenged fees were mandatory, and neither the court clerk nor the court itself could waive the fees upon application by an indigent person. *See United States v. Kras, supra*, 409 U.S. at 439–40, 93 S.Ct. 631; *Boddie v. State of Connecticut*, 286 F.Supp. 968, 970 (D.Conn.1968), *rev'd*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971); *Ortwein v. Schwab*, 262 Or. 375, 498 P.2d 757, 761–62 (1972), *aff'd per curiam*, 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973). *See also Lee v. Thornton*, 538 F.2d 27, 32 n. 3 (2d Cir. 1976) (that $250 bond required to obtain review of forfeiture decision was not waivable was "an additional ground for finding a lack of due process"). The law of New York, on the other hand, provides for the waiver of filing fees and other court costs upon the motion of a litigant who claims he is unable to pay them. N.Y.C.P.L.R. §§ 1101, 1102; N.Y.City Civ.Ct.Act § 2102. Plaintiff's contention that a filing fee that may be waived for those unable to pay it violates the due process clause is utterly without merit.

■ Plaintiff also contends that the $10 appellate filing fee violates the equal protection clause of the Fourteenth Amendment because it unlawfully discriminates on the basis of wealth. In light of the waiver provisions of New York law discussed *supra*, plaintiff's legal assertion of discrimination lacks merit. And even if there were any discrimination against those unable to pay the $10 fee, it would not violate plaintiff's right to the equal protection of the laws because New York's desire to generate revenues to support its court system is a rational basis for a filing fee requirement.

See Ortwein v. Schwab, supra, 410 U.S. at 660, 93 S.Ct. 1172; United States v. Kras, supra, 409 U.S. at 446–49, 93 S.Ct. 631.

Accordingly, the Court holds that the $10 fee for filing a notice of appeal from a decision of the New York City Civil Court does not violate the due process or equal protection clauses of the Fourteenth Amendment. See also Hill v. State of Michigan, 488 F.2d 609 (6th Cir. 1973), cert. denied, 416 U.S. 973, 94 S.Ct. 1999, 40 L.Ed.2d 563 (1974).

### IV.

Defendants' motion to dismiss the amended complaint is granted; plaintiff's motion for summary judgment is denied.

SO ORDERED.