Argued and submitted June 24, remanded with instructions December 7, 1981

SPADA et al,
*Appellants,*

*v.*

The PORT OF PORTLAND,
*Respondent.*

(No. A7911-05549, CA 19748)

637 P2d 229

G. Kenneth Shiroishi, Portland, argued the cause for appellants. On the brief was George W. Mead, Jr., Portland.

Donald J. Morgan, Portland, argued the cause for respondent. With him on the brief was Wood, Tatum, Mosser, Brooke & Holden, Portland.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

YOUNG, J.

### YOUNG, J.

This is an action for breach of contract. Defendant's motion for summary judgment was granted. ORCP 47. Defendant moved for summary judgment on alternative grounds: first, that the court lacked subject matter jurisdiction and, second, even if the court had jurisdiction, defendant was entitled to summary judgment on the merits. The record does not reflect which was the trial court's basis for granting the motion.

■ The first difficulty encountered, although not raised by the parties, was the use of a motion for summary judgment to question the trial court's lack of subject matter jurisdiction. The motion was filed prior to the effective date of the Oregon Rules of Civil Procedure (ORCP), Or Laws 1979, ch 284 (effective January 1, 1980), but the order granting summary judgment was entered after the effective date of ORCP. Prior to the enactment of ORCP, the pretrial procedure to test jurisdiction was by demurrer. Former ORS 16.260(1). Under the new rules, it is by motion to dismiss. ORCP 21A. It is incorrect under either procedure to grant summary judgment for lack of subject matter jurisdiction. The language of the order implies that summary judgment was not granted for a lack of jurisdiction;[1] we presume it was granted on a procedurally proper ground.

Although the motion for summary judgment was procedurally incorrect, subject matter jurisdiction is never waived. *Comley v. State Bd. of Higher Ed.,* 35 Or App 465, 468 n 3, 582 P2d 443 (1978). ORCP 21G(4). The parties briefed and argued subject matter jurisdiction in the trial court and on appeal. It is the first question that requires resolution. To do that, a statement of the underlying facts is necessary.

In either 1972 or 1973, defendant acquired certain real property of the plaintiffs. Plaintiffs had used the property to grow nursery stock. When defendant acquired

---

[1] The summary judgment order, without findings, is in the customary form, i.e., "* * * that there is no genuine issue as to any material fact and that the defendant is entitled to judgment as a matter of law." This is language from ORCP 47C.

the property, plaintiffs retained ownership of the stock. Pursuant to both federal and state law, plaintiffs were entitled to reimbursement by defendant for the cost of relocation and removal of the stock.[2] In October, 1973, plaintiffs filed a claim with defendant for $56,150, being the estimated costs of removal and relocation of the nursery stock to plaintiffs' other land near St. Paul, Oregon. On November 19, 1973, defendant countered with its own offer and responded in relevant part as set out in the margin.[3] Following receipt of the defendant's communications, plaintiffs removed the nursery stock by bulldozing the trees off the property and on to other property. On June 20, 1974, defendant advised plaintiffs it was processing payment to plaintiffs of $2,000, being the estimated cost of bulldozing. Plaintiffs rejected the offer and on October 2, 1974, appealed to defendant's executive director. The basis of plaintiffs' appeal to the director is set forth in the

---

[2] *See* Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 USC § 4601, *et seq.* (1977), and ORS 281.060, Or Laws 1973, ch 373, § 1.

[3] "As required by federal regulations, the Port obtained a second moving estimate for purposes of arriving at a self-move cost. The second estimate was obtained from Chisholm and Winstead of Salem and came in at $35,831.00. A copy of that estimate is enclosed should you wish them to handle the actual move for you.

"You may, however, do the moving yourself and claim the $35,831.00. A requirement would be, of course, that all stock must actually be removed from the site. Should you sell any stock from the site, as in the case of a Christmas tree sale, all stumps must be completely removed below grade level. The payment will be adjusted according to the attached estimate for each tree left on the property. The vacation date of January 31, 1974, may be extended if the weather prevents moving before that time. No payment may be made until the move has been completed.

"An additional requirement will be to present the Port with a copy of written OSDA approval on all stock moved or sold live. No approval is necessary for cut trees sold from the site; however, as mentioned, the stumps will have to be removed."

Subsequently, on April 30, 1974, defendant confirmed and clarified its November 19, 1973, response by stating:

"In response to your telephone call yesterday, as stated in our letter of November 19, 1973, the Port will issue a payment for moving your nursery stock from 82nd Avenue to Woodburn when presented with certificates from the Oregon State Department of Agriculture on each item moved. *Payment will be adjusted according to the schedule sent you with the November 19th letter for each tree left on the property or moved without benefit of OSDA permit unless the trees were removed as cut trees.*"

margin.[4] Defendant's review board rejected plaintiffs' claim and recommended the payment of $2,000. The executive director affirmed the board and stated that "the final decision of the defendant is that the award to the plaintiffs should be the sum of $2,000." On August 15, 1975, plaintiffs rejected a tender of $2,000, and this action followed in 1979.

In general, the complaint alleges that defendant is a municipal corporation, empowered to acquire real and personal property by purchase or eminent domain, and that defendant was obligated to pay to plaintiffs' relocation costs and then alleges:

V

"On or about November 19, 1973, the Defendant, through its agent, Ann D. Cathcart, offered to pay Plaintiffs the sum of $35,831 for removal of Plaintiffs' nursery stock. A condition of said removal was that all stock be actually removed from the site and in the case the trees were cut that all stumps be completely removed below grade level.

VI

"That on or about April 30, 1974, plaintiffs accepted Defendant's offer by removing all nursery stock and stumps from said property.

VII

"That plaintiffs have notified defendant of said removal but Defendant has refused to comply with the terms of its offer in that it has refused to pay Plaintiffs the sum of $35,831.00."

Plaintiffs contend that their claim is an independent action for breach of contract. They argue that defendant breached the contract by refusing payment of $35,831 after plaintiffs had performed.

Defendant argues that the circuit court lacked subject matter jurisdiction, because: (1) the decision of the

---

[4] "On November 19, 1973, the Port of Portland through its agent, Ann Cathcart, extended a written offer to the Spada family to pay the sum of $35,831.00 for moving our nursery stock from property formerly owned by us located on N. E. 82nd Avenue. She further stated that trees could be cut from the site and sold, 'but that all stumps must be completely removed below grade level.' We relied upon Miss Cathcart's offer and proceeded to cut the trees and remove all stumps and, therefore, are entitled to receive the full amount of $35,831.00."

defendant's executive director, under the law then in effect, was final; (2) if the executive director's decision was subject to judicial review, a petition seeking review was not timely filed; and (3) if the executive director's decision was reviewable at all, the remedy was by writ of review.

The defendant is a municipal corporation organized under ORS ch 778. As such, it may sue and be sued. ORS 778.010. Defendant is empowered to acquire lands by purchase or eminent domain. ORS 778.025 and ORS 778.095. With respect to relocation payments, and during the time of this controversy, ORS 281.060 provided, in part:

> "Whenever any program or project is undertaken by the state, county, or other municipal or public corporation under which federal financial assistance will be available to pay all or part of the cost of such program * * *, and which program or project will result in the acquisition of real property, * * * the state, county, or other municipal or public corporation may:

> "(1) Provide fair and reasonable relocation payments and assistance to or for displaced persons as provided under the Federal Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970; * * *."

Another pertinent statute is former ORS 281.080, which provides:[5]

> "Any displaced person aggrieved by a determination as to eligibility for a payment authorized by ORS 281.060 to 281.100, or *the amount of payment, may have his application* reviewed by the administrative head * * * of * * * the public corporation undertaking the program or project *whose decision shall be final.*" (Emphasis added.)

In the event of a dispute about the amount of the payment, ORS 281.080 does not *require* the applicant to submit the claim to the administrative head of the agency. On the contrary, the statute provides that the applicant *may* submit the application, and that once it is submitted the decision is final.[6]

---

[5] Subsequent to the present controversy, ORS 281.080 was repealed and ORS 281.085 was enacted. Or Laws 1975, ch 613, § 6-7. ORS 281.085 created a right of judicial review of the decisions of a public entity pursuant to ORS 183.480.

[6] There is no claim that former ORS 281.080 was unconstitutional because it denied due process or equal protection. *See Ortwein v. Schwab,* 262 Or 375, 498 P2d 757 (1972), *affirmed,* 410 US 656, 93 S Ct 1172, 35 L Ed 2d 572, *reh den* 411

■     The threshold question is what remedies, if any, were available to plaintiffs once they elected to submit their claim to defendant for review. At the time there was no statutory right to judicial review, and plaintiffs did not seek judicial review. Plaintiffs do not contend that the circuit court had jurisdiction under the doctrine of inherent power. *Ortwein v. Schwab,* 262 Or 375, 498 P2d 757 (1972), *affirmed,* 410 US 656, 93 S Ct 1172, 35 L Ed 2d 572, *reh den* 411 US 992, 93 S Ct 1551, 36 L Ed 2d 315 (1973); *Snow v. State Highway Commission,* 19 Or App 610, 528 P2d 1368 (1974), *rev den* (1975). Plaintiffs seek to enforce the defendant's unilateral offer and promise of payment by an action in contract, arguing that defendant could not determine as a matter of law whether its conduct amounted to the formation of an enforceable unilateral contract. The issue before defendant was the same issue raised in the contract action.

Plaintiffs may have had a right to bring an independent action for breach of contract in circuit court if they had elected to bypass the administrative process, but they did not. Having so elected, we believe that plaintiffs' remedy to review defendant's decision, prior to the enactment of ORS 281.085, was by writ of review. ORS 34.010 *et seq.* Former ORS 34.020 provided:

> "Any party to any process or proceeding before or by any inferior court, officer or tribunal may have the decision or determination thereof reviewed for errors, as provided in ORS 34.010 to 34.100 *and not otherwise."* (Emphasis added.)

During the time important here, the statutory grounds for issuance of a writ of review were found in former ORS 34.040.[7] Plaintiffs contend that defendant had

---

US 922, 93 S Ct 1551, 36 L Ed 315 (1973). There, the Oregon Supreme Court held that a statute that failed to provide for judicial review of certain administrative orders of the welfare division was not a deprivation of due process. *See Inland Nav. Co. v. Chambers et al,* 202 Or 339, 350, 274 P2d 104 (1954); *see also, White v. State Ind. Acc. Com.,* 227 Or 306, 324, 362 P2d 302 (1961).

[7] ORS 34.040 provides:

> "The writ shall be allowed in all cases where the inferior court, officer, or tribunal other than an agency as defined in subsection (1) of ORS 183.310 in the exercise of judicial or quasi-judicial functions appears to have:

> "(1) Exceeded its or his jurisdiction;

no power to adjudicate the law of contracts and, if it did, it was wrong. That contention is misplaced. The final decision of defendant's executive director was reviewable under § 4 of ORS 34.040, which was added to the statute in 1973. The purpose of the subsection was to permit writs of review of administrative rulings for errors of law. The court in *Myers v. Carter, Marquam Invest. Corp.,* 27 Or App 351, 354, 556 P2d 703 (1976), *rev den* (1977), said:

> "The 1973 amendments to ORS 34.040, putting the statute in its present form, preserved, in subsections (1) and (2), the traditional grounds for obtaining the writ and substituted subsection (3) for the word arbitrary. None of these changes was intended to expand the scope of the writ. *Western Amusement v. Springfield,* 274 Or 37, 545 P2d 592 (1976). However, the addition of subsection (4) was so intended. Its purpose was to permit review, on the writ, of administrative rulings for errors of law. This was deemed necessary because the writ is the only means of obtaining judicial review of the quasi-judicial rulings of bodies which are not subject to the Administrative Procedures Act.* Subsection (4) was intended to make the scope of review, on the writ, the same as that under the APA." (Footnote omitted; emphasis added.)

Plaintiffs did not, within the statutory time, seek a writ of review; they have waived the right to challenge the final decision of the defendant. The circuit court lacked subject matter jurisdiction of the action for breach of contract.

Remanded with instructions to vacate the order granting summary judgment and for such further proceedings as are consistent with this opinion.

---

"(2) Failed to follow the procedure applicable to the matter before it or him;

"(3) Made a finding or order not supported by reliable, probative and substantial evidence; or

"(4) *Improperly construed the applicable law;*

to the injury of some substantial right of the plaintiff, and not otherwise. The fact that the right of appeal exists is no bar to the issuance of the writ." Or Laws 1973, ch 561, § 1. (Emphasis added.)