■ BELLEVUE SOUTH ASSOCIATES, Plaintiff, v HRH CONSTRUCTION CORPORATION et al., Defendants. ANDAL CORP. (CIRCLE INDUSTRIES CORP.), Third-Party Plaintiff-Appellant, and MASONITE CORPORATION, Third-Party Defendant-Respondent.— Judgment, Supreme Court, New York County (Carol Huff, J.), entered February 20, 1992, which, after a retrial on remand by the Court of Appeals, dismissed all of the claims of the third-party plaintiff-appellant against the third-party defendant-respondent, unanimously affirmed, with costs.

The retrial herein came about as a result of a determination by the Court of Appeals (78 NY2d 282, 297-299) that there was a triable issue as to whether or not the third-party plaintiff was barred by its own conduct from asserting that the third-party defendant was bound by implied warranties. Even if the doctrine of judicial estoppel *(see, e.g., Kalikow 78/79 Co. v State of New York,* 174 AD2d 7), were to be invoked, there is nothing inconsistent between the third-party defendant's earlier position and its present argument that it and the third-party plaintiff engaged in a course of conduct manifesting a mutual understanding that there were no implied warranties of merchantability *(see, Zicari v Harris Co.,* 33 AD2d 17, 21, *lv denied* 26 NY2d 610). This is particularly so where the subject product was developed solely and specifically for use by the third-party plaintiff in a process into which the third-party plaintiff had substantial participation. It was precisely this issue that was to be retried (78 NY2d, *supra,* at 298), such that there is no violation of the doctrine of law of the case *(see, Martin v City of Cohoes,* 37 NY2d 162). We are unpersuaded that the jury could not have reached the verdict it did by any rational process *(see, Bernstein v Berman,* 39 AD2d 525).

We have considered the third-party plaintiff's other arguments and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Wallach and Ross, JJ.